BETSEY WILSON & others *vs.* INHABITANTS OF BEVERLY.

In construing the verdict of a jury summoned on petition under the Gen. Sts. *c.* 43, § 73, reference may be had to the petition and to the legal limitations of the authority of the jury.

It is no objection to the verdict of a jury summoned under the Gen. Sts. *c.* 43, § 73, on the petition of the owner of land taken for a town way praying for an alteration of the way on his land, that the alteration prayed for and granted will lessen the width of the way.

PETITION under the Gen. Sts. *c.* 43, § 73, to the county commissioners of Essex, by the owners of land taken for a town way by the selectmen of Beverly, praying for a reassessment of their damages and an alteration of the way so as " to carry it a considerable distance to the north of its present location,", and for a jury to determine the matter of their complaint. A jury was ordered accordingly, and returned into the superior court a verdict reassessing the damages and altering the way. The respondents filed a motion to set aside the verdict, which the court overruled and accepted the verdict; and the respondents appealed. The case is stated in the opinion.

---

*W. D. Northend & H. P. Moulton*, for the respondents.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the petitioners.

CHAPMAN, C. J.   The petitioners pray for an increase of damages, and for an alteration in the way by carrying it a considerable distance to the north of its location by the selectmen of Beverly.  The jury would have no authority to remove the road, or any part of it, to the land of another proprietor.  They could only make minor alterations, limited to the land of the petitioners, and thus render the way less burdensome to them by avoiding buildings, wells, orchards, gardens, or the like.  *Merrill* v. *Berkshire*, 11 Pick. 269, 275.  *Gloucester* v. *County Commissioners*, 3 Met. 375, 377.  The jury have, in their verdict, made an alteration in the way, west of Lothrop Street, and on the petitioners' land, "to wit, that the southerly line thereof shall begin at a point on the westerly side of Lothrop Street, five feet from the line as located by the selectmen, and shall run thence in a straight course to a point on said southerly line as located at the boundary of said petitioners' land, on the westerly side thereof, being about one hundred and fifty-three feet from Lothrop Street."  The verdict does not state whether the point of beginning shall be five feet south, or five feet north of the line established by the selectmen; but as the petition prays for a removal to the north, and would not authorize a removal to the south, the verdict must be interpreted as a removal to the north.  Nor does the verdict state whether the way is thereby to be narrowed; but, as the land on the opposite side was owned by other proprietors, upon whose land the jury had no right to remove it, the verdict must be interpreted as narrowing the way.  Such an alteration is within the authority of the jury, by a fair construction of the statute.  In other respects the verdict appears to be sufficiently definite.

*Judgment affirmed.*