ANNA L. JEFFRIES *vs.* INHABITANTS OF SWAMPSCOTT.
WILLIAM R. BLANEY *vs.* SAME.

In a report of the alteration of a town way, filed by the selectmen in the town clerk's office, under the Gen. Sts. c. 43, § 65, a reference to a plan "made by J. S.," for the boundaries and admeasurements, does not satisfy the statute, if the plan is not filed within seven days before the town meeting.

The neglect of the selectmen to file in the town clerk's office the boundaries and admeasurements of their alteration of a town way, seven days before the town meeting, in compliance with the Gen. Sts. c. 43, § 65, renders the alteration invalid; and it is immaterial that no person applied to the town clerk during the seven days to inspect the report of the alteration.

TWO BILLS IN EQUITY by owners of parcels of land bordering upon Orient Street, a town way in Swampscott, praying for injunctions on the inhabitants and the selectmen of the town against entering upon the land and injuring or disturbing the trees, shrubbery or buildings. The defendants answered, claiming a right to enter by virtue of proceedings had under the Gen. Sts. c. 43, §§ 59–65, for widening Orient Street; the plaintiffs each filed a general replication; and *Wells*, J., heard and reported for the determination of the full court the case which is stated in the opinion.

*S. B. Ives, Jr.*, for the plaintiffs.

*C. A. Phillips*, for the defendants.

AMES, J. By the terms of the Gen. Sts. c. 43, § 65, "no town way, laid out or altered by the selectmen, shall be established, until such laying out or alteration, with the boundaries and admeasurements of the way, is reported to the town and accepted and allowed at some public meeting of the inhabitants, regularly warned and notified therefor; nor unless such laying out or alteration, with the boundaries and admeasurements, is filed in the office of the town clerk seven days at least before such meeting."

This regulation was manifestly not intended to prescribe a mere formality, but to lay down the indispensable conditions upon compliance with which the right of appropriating private property to public uses of this kind can lawfully be exercised. As one of the safeguards of individual rights against inconsiderate or capricious action on the part of municipal authorities, it establishes a rule to secure precision and exactness of description on the part of the selectmen as to the changes which they propose to make. It is material to the landowner to know exactly what portion of his land is to be taken, and to the voters to know exactly what the proposition is upon which they are to decide. The regulation requires that for the term of seven days before the town meeting a written description of the way to be laid out, or of the alteration to be made, together with the boundaries and admeasurements, shall be found at the office of the town clerk, in order that all parties interested may have an opportunity for full examination.

The report of the selectmen in this case, if considered independently of the plan, is not such a description as the statute requires. It sets forth that the proceedings of the town, under a previous petition in relation to the widening of another portion of Orient Street, had given such satisfaction that the selectmen had been urged to complete the widening, " which would require the taking of the land southerly from Mr. Jeffries's gateway to the land of Mr. William Blaney, and also the cutting off of Mr. Blaney's estate that was not asked for in the first petition, so to connect with the widening made on that side of the street some six years ago, and where the stake now stands representing the exact width called in the petition acted on by the town." It cannot be contended that so far the report furnishes an intelligible description of the land proposed to be taken, or of the intended alteration of the way. It then goes on to say that they voted " to establish the laying out and widening on the southeast side of Orient Street, as will be shown by a survey and plan made by J. Q. Hammond ; " and for the taking of 3348 feet of land (without saying whose) they award the damage of $200.88 (without saying to whom) ; and also for 943 feet of the land of William Blaney making an award of $188.60.

Whether this vague and indefinite reference to a plan "made by J. Q. Hammond," without date or identification in any other manner, can be said to be sufficient to render it a part of the report, is, to say the least, open to controversy. The case of *Stone* v. *Cambridge*, 6 Cush. 270, hardly goes so far, for there the report showed that a specific plan was before the board of aldermen at the time of their action on the subject, and was fully identified by the certificate of the city clerk. But however that may be, and on the supposition that the plan is to be considered as a part of the report, it cannot be made use of to supply the deficiencies of the report in other respects. The case finds that it does not appear that the plan was filed in the office of the town clerk within the time required by law. The report was not only incomplete without it, but was mere waste paper, giving substantially none of the particulars, and answering none of the purposes, required by the statute. It follows therefore, that no report in compliance with the law has been filed at all. The plan, if it can be considered a part of the report, was not only an important but the vital part of it, and without it the rest of the report was of no account whatever.

Our conclusion upon the whole case therefore is, that the conditions, upon which the right of the town to take the property of these plaintiffs for the proposed public use depends, have not been complied with, and that the defendants cannot lawfully enter upon those lands for the purpose of removing trees or fences, or for making or attempting to make the proposed widening of the s'reet. It is in our judgment wholly immaterial that neither the plaintiffs nor any other person applied to the town clerk during the seven days for inspection of the plan or report. The conditions which the legislature has annexed to this exercise of the right of eminent domain are not to be modified or dispensed with for that reason.

Other questions were considered at the argument, which in our view of the case have become immaterial, and for that reason are not now disposed of.      *Decree for the plaintiff in each case.*