THOMAS J. PINKHAM *vs.* INHABITANTS OF CHELMSFORD.
SAME *vs.* SAME.

On a petition under the Gen. Sts. *c.* 38, § 39, by the owner of land upon which a schoolhouse lot has been located, the sheriff's jury cannot find that the lot should not be located on land of the petitioner, but can only change the location to another part of his land.

On an issue of the value of land taken by a town for public uses, the opinion of inhabitants of the town who testify that they are familiar with the land in question, and have known about sales of land in the town, is admissible in evidence, although they have not bought or sold any land there except that on which they live.

In assessing damages for land taken by a town for public uses, evidence of what the owner intended to do with the land is inadmissible.

If the owner of land, on which a school-house lot has been located, petitions, under the Gen. Sts. *c.* 38, § 39, for a change of location and assessment of damages, and the sheriff's jury assess damages in his favor, he cannot maintain a writ of entry to recover the land on account of irregularities in the taking, although he offers to waive all the proceedings before the sheriff's jury if the court should be of opinion that he could recover back the land.

THE FIRST CASE was a petition to the county commissioners of Middlesex, filed October 11, 1870, under the Gen. Sts. *c.* 38,

§ 39,* by the owner of land in Chelmsford, on which a school-house lot had been laid out by the selectmen.

At the trial before the sheriff's jury, on December 6, 1870, the petitioner offered evidence tending to show that the location of the school-house should be changed to land of other persons ; but the sheriff refused to admit it, and ruled that the jury had no authority to change the location to land of any other person, or to find that the location should be changed from the land of the petitioner, without fixing any new location, but could only change the location to another place upon the petitioner's land.

The respondents, against the objection of the petitioner, were allowed to put in the testimony of six persons, as experts, to show the value of the land taken and the injury to the remaining land of the petitioner by reason of the taking. Three of them respectively testified that they were farmers, had lived in Chelmsford many years, and had never bought or sold any land except the farms they lived on, but had known of sales of land in Chelmsford. The fourth testified that he was a farmer, lived in Chelmsford, and had never bought or sold any land except the farm on which he lived, but had known of sales in Chelmsford. The fifth testified that he was a butcher, had lived many years in Chelmsford, and had bought two pieces of land there, but had sold none, and had known of sales in Chelmsford. The sixth testified that he was a farmer, had lived all his life in Chelmsford, had bought a farm and a piece of woodland there, and had

---

* " When the owner feels aggrieved by the laying out or enlargement of such lot, or by the award of damages, he may, upon application therefor in writing to the county commissioners within one year thereafter, have the matter of his complaint tried by a jury, and the jury may change the location of such lot or enlargement, and assess damages therefor. The proceedings shall in all respects be conducted in the manner provided in cases of damages by laying out highways. If the damages are increased, or the location changed by the jury, the damages and all charges shall be paid by the town; otherwise the charges arising on such application shall be paid by such applicant. The land so taken shall be held and used for no other purpose than that contemplated by this chapter, and shall revert to the owner, his heirs or assigns, upon the discontinuance there, for one year, of such school as is required by law to be kept by the town."

never sold any land, but had known of sales in Chelmsford, and had appraised the land belonging to three estates of deceased persons in Chelmsford, some of it in the neighborhood of the land taken. All the witnesses testified that they were well acquainted with the petitioner's land and the location of the school-house.

The petitioner offered evidence of the use to which he had proposed to put the land taken for the school-house, but the sheriff rejected it.

The jury assessed damages for the taking of the land; and the sheriff certified the verdict to the superior court, with the foregoing statement of his rulings. The petitioner alleged exceptions and moved the superior court at December term 1870 to set aside the verdict; but the court overruled the motion, and accepted the verdict; and the petitioner appealed.

THE SECOND CASE was a writ of entry, dated December 5, 1870, to recover the land laid out as a school-house lot as above mentioned. Trial at September term 1871 of the superior court, before *Devens*, J., who made a report of the case, which, after setting forth the facts concerning certain alleged irregularities in the location of the school-house lot by the tenants on the demandant's land, which it is not now necessary to state, and also the proceedings before the sheriff's jury, as above given, continued thus : " The demandant offers to waive all said proceedings before the sheriff's jury, and all claim to damage for the taking as therein claimed, if the court are of opinion that he is entitled to recover in this action. The tenants contend that the demandant has waived all irregularities, if any there were, in the location of the land, and that he is estopped to maintain this action. The case is reported for the decision of the supreme judicial court, to render such judgment as is proper ; the case to be sent back for judgment in case the demandant is entitled to recover, otherwise judgment to be entered for the tenants."

*A. P. Bonney & G. Stevens*, for Pinkham.

*D. S. Richardson & G. F. Richardson*, for the Inhabitants of Chelmsford.

AMES, J. The rights of this petitioner depend upon the proper construction of the Gen. Sts. *c.* 38, § 39. His appeal is

not from the vote of the town designating a portion of his land as a suitable place for a school-house, but from the decision of the selectmen under that vote, in the selection of the particular spot upon his land, and in their award of damages. His petition for a jury, without protest or notice of objection to the proceedings of the town, is a waiver of all objection to any irregularities in such proceedings, if any such irregularities occurred. *Flagg* v. *Worcester,* 8. Cush. 69. *Fitchburg Railroad Co.* v. *Boston & Maine Railroad,* 3 Cush. 58. He cannot claim damages for the taking of his land, and at the same time deny that the land is taken. All that the jury can do upon this appeal is to change the proposed location of the building, and to revise the award of damages. The statute gives them no authority to take the land of any other person not a party to the proceedings, nor does it give them a veto on the proceedings of the town by an order that no part of the petitioner's land shall be appropriated according to such vote. It is plain therefore that their power to change the location of the building can only be exercised within the limits of the petitioner's land, and was only intended to secure to the petitioner such reasonable regard to his convenience and interest in the use of the remaining land, not appropriated to the public use, as should not be inconsistent with the public convenience. *Wilson* v. *Beverly,* 103 Mass. 136. *Merrill* v. *Berkshire,* 11 Pick. 269, 275. *Gloucester* v. *County Commissioners,* 3 Met. 375, 377. *Hobart* v. *County of Plymouth,* 100 Mass. 159.

The testimony as to value was in our opinion competent and admissible under the rule laid down in *Swan* v. *County of Middlesex,* 101 Mass. 173, and the cases there cited. The question for the jury was, what was a proper price, or in other words, what was the value of the land taken, — a question which did not depend upon the use the owner was intending to make of it, or the plans which he had formed in relation to it. *Boston & Maine Railroad* v. *County of Middlesex,* 1 Allen, 324. *First Parish in Woburn* v. *County of Middlesex,* 7 Gray, 106.

For these reasons the rulings of the sheriff appear to have been correct, and in the first case we therefore direct that the

*Verdict be accepted.*

In the second of these cases, the demandant denies, and puts in issue, the lawfulness and validity of the proceedings of the town. That is to say, he denies that his land has been taken and appropriated by the town. He insists that it continues to belong to him exactly as if no such proceedings had ever taken place; and that the attempt of the town to place a school-house upon the land is a mere disseisin or trespass. As the writ of *certiorari* will not lie in such a case, the question which the demandant wishes to raise may be considered in a real action or in an action of tort. But, as has already been intimated, it appears to us that the act of appealing to a jury to revise the doings of the selectmen in the selection of the lot, and in the award of damages, is a waiver of all objections to the preliminary proceedings of the town, on the ground of any supposed irregularity. It is true that the demandant insists that no such waiver was intended on his part, and professes himself ready to abandon all his proceedings before the sheriff's jury, if the court shall be of opinion that he is entitled to prevail in the present action. But we think he can derive no advantage from any such conditional abandonment. The law gives him no right to resort to two conflicting and incompatible modes of seeking redress, with the intention of placing his final reliance upon that one of the two which shall ultimately be sanctioned by the court. He must elect one or the other of the two remedies, but he cannot rely upon both at the same time. It is a sufficient answer to all his objections to the proceedings of the town as void and of no effect, that he is at this moment in court, claiming damages of the town for land taken by virtue of these very proceedings, and that the verdict of the jury in his favor has been sustained by the court. If the action of the town had no legal effect, he has sustained no damage. His offer to abandon the proceedings before the sheriff's jury, if the court should hold him entitled to maintain this action, will not justify him in changing his ground and claiming that the land never was taken. He must either insist upon his objection to the doings of the town, or waive it unconditionally and without waiting for a decision of the court as to the weight of that objection. What would have been the effect of an unconditional

and actual discontinuance of his petition for damages is a question which we are not called upon to consider.

*Judgment for the tenants.*