INHABITANTS OF BROOKLINE *vs.* COUNTY COMMISSIONERS OF NORFOLK.

The year within which one aggrieved by the laying out of a town way must, under Gen. Sts. *c.* 43, § 73, make application for a jury, if it commence to run before the laying out is accepted under Gen. Sts. *c.* 43, § 65, at a meeting of the inhabitants, does not, at the earliest, commence to run before the transmission under Gen. Sts. *c.* 43, § 74, to the town clerk of the description of the location of the way.

A person aggrieved by the laying out of a way, who duly applies for a jury within the year limited by Gen. Sts. *c.* 43, § 73, is not prejudiced by a delay of the commissioners in issuing the warrant for the jury.

DEVENS, J. That the action of the county commissioners in issuing a warrant for a jury is void, if the application therefor was presented after the time limited by law, is undoubtedly well settled. *Cambridge* v. *County Commissioners*, 6 Allen, 134, and cases cited. On behalf of the petitioners for the *certiorari*, it is contended that such application was here made too late. By the Gen. Sts. *c.* 43, § 73, it is provided that a person aggrieved by the laying out of a town way, or by the assessment of his damages, may have the matter of his complaint determined by a jury, which may be applied for at any time within one year after such laying out. The petitioners maintain that such application must be made within one year after the selectmen determine upon the laying out and assess the damages therefor, even if such determination is not then in any way made known to parties interested, and no public act is done from which it must be considered that such parties receive constructive, when they do not have actual notice, and further, that what was done by the selectmen on the 28th day of July, 1871, was the "laying out" contemplated by the statute, and the application for a jury not having been made until September 3, 1872, was consequently too late. The report of the selectmen dated on the 5th day of September, 1871, and received and entered in the office of the town clerk on that day, recites that they had met the parties at their office on the 11th day of April, 1871, and by adjournment from time to time, had examined the route, and on the 20th and 28th of July of the same year proceeded to lay out the way

as follows: they then describe the location, assess the damages, and add that the location is in accordance with a plan of the same as drawn by George Tyler, civil engineer, dated September 5, 1871, and filed in the office on that day. On the other hand, the respondents maintain that the "laying out" is not complete, so that the time within which an application for a jury must be made commences to run, until after the "laying out" by the selectmen has been reported to the town, and also accepted and allowed at some meeting thereof duly warned as contemplated by Gen. Sts. *c.* 43, § 65. The acceptance by the town did not take place until September 18, 1871, and if this position is correct, the application was of course in season. We do not find it necessary in the present case to determine, however, whether the "laying out" is complete by the act of the selectmen alone, or whether it must be confirmed by the acceptance of the town before the limitation of time within which application for a jury must be made begins to run, because we are of opinion that such limitation, at any rate, does not begin to run until the report and return contemplated by Gen. Sts. *c.* 43, § 74, has been made and filed in the town clerk's office, and that until this is done the act of the selectmen, so far as parties affected by it are concerned, is not complete. The object of this section is to make the laying out a matter of which any person in the town may have sufficient notice by its appearance upon the public records, and the language of the statute contemplates that this shall be done contemporaneously with the laying out. The selectmen keep no records properly so called, nor are they required so to do by law. There is no time within which, after they make a laying out, they are compelled to report it to the town for its acceptance under Gen. Sts. *c.* 43, § 65, and no time within which, under § 74, they are compelled to file the location in the town clerk's office, although the statute is very specific in its direction to the clerk as to the time within which he is to record it, and the limitation of time might expire before any party would or could know how his rights were affected, or whether it would be advisable to appeal from the adjudication. The 74th section was intended to give public notice of the act of the selectmen; all that

they have to do is then completed, the intention to appropriate private property to public use as a way is clearly expressed, the location bounds are distinctly stated, and parties interested are in a situation where they can decide whether to remain contented with this determination, or to seek some other remedy. The return in the present case was made into the town clerk's office on September 5, 1871, and the application for a jury to the county commissioners on September 3, 1872, was therefore in season.

Another point is made by the petitioners, that the county commissioners could not act anew upon the petition when the only action taken by them within one year from September 5, 1871, was to issue order of notice to the town of Brookline to appear at a certain time, and show cause why the petition for a jury should not be granted. It appears from the agreed facts that such an order was issued on September 3, 1872, but was never served, and that on the 22d of September, 1873, another summons was issued to the town to show cause, &c., and thereafter on the 31st of December, 1873, the warrant for a jury was issued. If any notice to the town was necessary, we are of opinion that the delay of the county commissioners cannot affect the rights of the applicant for a jury. His rights are saved by making his application in time. *Petition dismissed.*

*M. Williams, Jr.,* for the petitioners.
*C. H. Drew,* for the respondents.