### JAMES BLAISDELL. *vs.* INHABITANTS OF WINTHROP.

Suffolk.   March 12. — June 26, 1875.   AMES & ENDICOTT, JJ., absent.

To maintain a petition for the assessment of damages for land taken for the laying out of a town way, the petitioner must show that the way was legally laid out.

Road commissioners chosen by a town in pursuance of the St. of 1871, c. 158, filed in the town clerk's office on June 1, a plan of a proposed street showing the boundaries and admeasurements of the various estates included within the proposed way

but not signed by them; and, on June 3, they filed in the same office a paper signed by them, as follows: " Amount of land taken from A. 10,104 feet at .06 per foot, $606.24." On June 10, the town voted to accept the street, and it was afterwards constructed. *Held,* that the way was not legally laid out in accordance with the Gen. Sts. *c.* 43, § 65, and that a petition by A. to the Superior Court for a jury to assess his damages sustained by the taking of his land could not be maintained.

PETITION to the Superior Court for a jury to assess damages for the taking of land by the respondent to lay out a highway from Winthrop Street to Pleasant Street in the town of Winthrop. The respondent denied the laying out of the way. Trial before *Bacon,* J., who allowed a bill of exceptions in substance as follows:

A town meeting was held in Winthrop on June 10, 1872, in pursuance of a warrant dated May 31, 1872, containing the following articles: " Article 2. To see if the town will accept a street as laid out by the road commissioners, from Winthrop Street to Pleasant Street, or any part of said street. Article 3. To see if the town will build the street laid out by the road commissioners, or any part thereof, and raise money to pay for the same." The town voted " that the town accept the plan for a street as laid out by the road commissioners, from Winthrop to Pleasant Street; " and " that the road commissioners be instructed to build the street as laid out by them, from Winthrop Street to Pleasant Street as accepted by the town."

It appeared that a plan entitled " Plan of a proposed street in Winthrop," which showed the boundaries and admeasurements of various estates included within the proposed way, including the petitioner's, and bearing the following indorsement, signed by the town clerk: " Town of Winthrop; filed in the office of the town clerk this the first day of June, 1872," was filed by the road commissioners, but not signed by them, in the office of the town clerk, on June 1, 1872; and that on June 3, 1872, a paper, of which the following is a copy, was filed, signed by Albert Richardson and David Floyd: " Amount of land taken from James Blaisdell, 10,104 feet, at .06 per foot, $606.24."

The plaintiff called the town clerk as a witness, who testified that Richardson and Floyd were the road commissioners for the town of Winthrop, and that the plan was produced in the town meeting aforesaid, and verbally explained by them to the inhab-

itants as they were about to act on the aforesaid aiticles.  The
road was in fact constructed.

. . The judge ruled that the plan and paper, filed as aforesaid,
were not a sufficient compliance with the requirement of the
statute; and ordered a verdict for the respondent.  The petitioner
alleged exceptions.

   *A. Hemenway*, for the petitioner.

   *C. R. Train*, for the respondent.

   DEVENS, J.  In order that the plaintiff should maintain this
petition it is necessary for him to show a legal laying out of the
town way in the construction of which his land was taken.

   Road commissioners having been chosen by the town, they had
the powers and duties ordinarily vested by law in the select-
men and surveyors of highways as to laying out and altering
streets.  St. of 1871, *c.* 158.  No town way laid out or altered
by them can be accepted and allowed at a meeting of the town
for such purpose, " unless such laying out or alteration with the
boundaries and admeasurements is filed in the office of the town
clerk seven days at least before such meeting."  Gen. Sts. *c.* 43,
§ 65.

   This provision is not a mere formality, but intended to lay
down an indispensable condition, upon compliance with which
the right of appropriating private property to public uses of this
description can alone be lawfully exercised.  *Jeffries* v. *Swamp-
scott*, 105 Mass. 535.

   The plan filed by the road commissioners cannot be considered
as satisfying the requirements of the statute.  Even if it set forth
the boundaries and admeasurements of the road and of the land
proposed to be taken, it did not bear the signatures of the com-
missioners, nor did it even appear by the certificate of filing, in-
dorsed by the town clerk, that it was filed by them.'  It bore no
evidence that it was an authentic document proceeding from them,
which indicated that according to the boundaries and admeasure-
ments as laid down upon it they proposed and reported the laying
out of a town way.

   In *Jeffries* v. *Swampscott, supra*, there was a report filed by
the selectmen, but without reference to a plan which was not filed
it was not intelligible ; and it was held that, such plan not having
been filed seven days before the town meeting, no report had been

filed, sufficient to satisfy the statute and authorize the taking of the landowner's property. Here no report whatever was filed; a plan was filed, but even if it had been properly authenticated, it was unintelligible for want of any reference to a report setting forth a laying out by the road commissioners in conformity therewith.

Nor was this defect cured by the paper signed by the road commissioners stating the quantity and value of the land taken by them from the petitioner. It had no reference to the plan, alluded to no way or road laid out by them; and the mere fact, that the quantity of land stated in this paper, and that which appeared upon the plan as belonging to the petitioner and included within the line of what is there laid down as a road, are similar, cannot connect the two papers together so as to make such a report of a laying out of a road as is required.

*Exceptions overruled.*