## BENJAMIN W. PATTEN *vs.* GEORGE H. FITZ.

Middlesex.　Nov. 14, 1884. — Jan. 10, 1885.　FIELD, DEVENS, & COLBURN, JJ., absent.

F., the owner of a parcel of land on A. Street in a city, a private way which had been used by those abutting on it for many years, with others, petitioned the city to lay out the street as a public way; and he, with other abutters, executed an agreement with the city, under seal, by which they stipulated that they would not claim any damages on account of the laying out of the street. The city duly laid out the street as a public way, according to a plan which established a grade about three feet lower than the old grade of the street. Afterwards F. executed and delivered to P. a deed of the premises containing the usual covenant against incumbrances, and bounding the premises "westerly on A. Street." Subsequently the street was constructed and graded according to the plan. *Held,* in an action by P. against F., that neither the grading and construction of the street, nor the agreement by F. with the city to release it from all claim for damages, was a breach of the covenant against incumbrances in the deed.

MORTON, C. J.　This is an action of contract for breach of a covenant against incumbrances in a deed from the defendant to the plaintiff.　The material facts are as follows:

The defendant was the owner of a lot of land on Austin Street, in Somerville, a private way which had been used by those abutting on it for many years.　In April, 1882, the defendant and others petitioned the city of Somerville to lay out said Austin Street as a public way.　In May, 1882, the defendant, with other abutters, executed an agreement with the city, under seal, by which they stipulated that they would not claim

any damages on account of the laying out of the street. In July, 1882, the city of Somerville duly laid out said Austin Street as a public way, according to a plan which established a grade about three feet lower than the old grade of the street. The street was constructed and graded, according to the plan, in September and October, 1883. In December, 1882, the defendant executed and delivered to the plaintiff a deed of the premises, containing the usual covenant that "the premises are free from all incumbrances." This deed bounded the premises "westerly on Austin Street."

The plaintiff contends that his lot was injured by the grading and construction of the street, and seeks to recover damages therefor. The facts of the case do not show any breach of the covenant against incumbrances.

The order of the city council laying out the street established it as a public way from the date of the order. The plaintiff accepted a deed by which the lot was bounded "westerly on Austin Street." The parties must be presumed to have contemplated Austin Street as it was laid out and established by the city. The street as it would be after it was constructed according to the laying out was the boundary fixed by the deed. The street itself, therefore, was no incumbrance.

The plaintiff contends that the agreement with the city, by which the defendant released the city from all claim for damages, was a breach of the covenant. This claim is founded upon a mistaken view of the plaintiff's rights. He has no interest in the damages caused by the laying out of the street. These damages, though they cannot be immediately recovered, accrue at the time of the laying out, and are to be assessed as of that time. *Parks* v. *Boston,* 15 Pick. 198. *Jones* v. *Aldermen of Boston,* 104 Mass. 461.

The person who owns the land taken, or some interest in it, is the only person who has any claim for damages against the city. After the laying out, his claim for damages is a chose in action, which he can release or discharge, and which does not pass to a subsequent purchaser to whom he conveys the land. The plaintiff, by his deed, acquired no right to the damages. The contract with the city, by which the defendant released or agreed to release his claim for damages, did not in any way

affect the rights of the plaintiff, and cannot in any sense be called an incumbrance upon the land conveyed to him.

*Judgment for the defendant.*

*H. W. B. Cotton*, for the plaintiff.

*S. Z. Bowman*, for the defendant.