## John Sheridan *vs.* City of Salem.

Essex.    November 7, 1888. — January 2, 1889.

Present: Morton, C. J., Field, Devens, C. Allen, & Knowlton, JJ.

*Sewer — Private Drain — City Ordinance — Board of Aldermen — Written Permit — Waiver.*

A city ordinance forbade the entering of a private drain into a public sewer without a written permit from the board of aldermen or commissioner of streets. A person connected his private drain with such a sewer under oral permission from the commissioner of streets, and was entered on the records of the board, among others reported to it by the commissioner, as having received a permit. *Held*, in an action for an injury caused by an overflow of the sewer through the drain, that there was sufficient evidence to warrant a finding that there was a waiver of the requirement of a permit in writing.

Tort for an injury caused by the overflow of a common sewer through a connecting drain into the plaintiff's cellar.

At the trial in the Superior Court, before *Brigham*, C. J., it appeared in evidence that the common sewer was duly built in Fowler Street in Salem; that the plaintiff, after its completion in June, 1881, laid a private drain from the bottom of his cellar under his house, numbered 19 Fowler Street, and connected it with such sewer; and that the overflow, which consisted of water and filth and offensive sewage, occurred at intervals from July to September, 1886, by reason of the negligence and bad management of the defendant city in permitting the sewer to become obstructed. The only question at the trial was as to whether the plaintiff had been duly authorized by the defendant city or its officers to maintain the connection with the common sewer.

By an ordinance of the city of Salem, " No person shall enter his particular drain into any main drain or common sewer without a permit in writing from the board of aldermen or the commissioner of streets, which permit and the application therefor shall be in such form as the board of aldermen may prescribe; and any person to whom such permit shall be granted shall pay therefor the sum assessed or determined by said board. The commissioner of streets, on the first Monday of each month, shall communicate to the board of aldermen a list of all such

permits granted by him during the previous month." A subsequent section of the same ordinance provided a penalty for any violation of the above section.

The commissioner of streets, called as a witness by the plaintiff, testified that he had granted permission to the plaintiff in the ordinary way to enter his drain into the common sewer, and that he usually gave oral permits, and probably in this case followed his usual practice; and the plaintiff's agent, who did the work, testified that he laid the drain and connected it with the sewer, as by general directions of the street commissioner he usually laid them. The plaintiff also offered in evidence the following entry in the records of the meeting of the board of aldermen, held on the first Monday of July, 1881: "The commissioner of streets reported that he had granted permits to the following named persons to enter drains into public sewers, viz.: . . . John Sheridan, 19 Fowler St."

The judge ruled, as requested by the defendant, that the plaintiff had failed to show sufficient permission or authority from the defendant, or any of its officers or its board of aldermen, to enter the sewer with the private drain, or to maintain the same, and ordered a verdict for the defendant; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered for the defendant, otherwise, a new trial was to be ordered.

*C. A. Benjamin*, for the plaintiff.

*F. L. Evans*, for the defendant.

C. ALLEN, J. There was sufficient evidence, in our opinion, to warrant a finding by the jury, that there was a waiver of the requirement of a written permit, which would be binding upon the city. The provision requiring the permit to be in writing was merely for the benefit and convenience of the city. No general principle of public morals or policy is involved in it. Such a provision may be waived, like any other requirements intended merely for the security or benefit of a party, no matter whether contained in a contract, a city ordinance, a statute, or in the Constitution itself. *Morrison* v. *Underwood*, 5 Cush. 52, 55. *Pacific Ins. Co.* v. *Canterbury*, 104 Mass. 433, 435. See also *Rutland* v. *County Commissioners*, 20 Pick. 71, 81, 83, where a waiver by a town was established from acts of its officers.

The matter of sewers is within the general province of the mayor and aldermen. Pub. Sts. c. 50, § 1. The mayor and aldermen are the same as the board of aldermen. St. 1882, c. 164. When the commissioner of streets made his report to the board of aldermen, there is nothing to show that they were in any way misled as to his manner of granting permits. If they knew the facts, or if they had all the knowledge of the facts which they cared to have, and were not in any manner misled, and if they accepted his report of permits granted by him as showing sufficient and valid permits, and so caused the plaintiff's name to be entered upon their records as one to whom a valid permit had been granted, they knowing or having reason to believe that he had paid the sum assessed by themselves upon him for such permit, the jury might properly find that they waived a compliance with the formality of giving to him a permit in writing, and such waiver would be binding upon the city.

*New trial ordered.*