JOSEPH A. HENDRIE & another *vs.* CITY OF BOSTON.

Suffolk.    March 14, 1901. — May 22, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Sewer.    Contract*, Rescission.    *Estoppel.*

One owning land on the line of a proposed sewer in Boston agreed with the street commissioners and the head of the sewer department that he would convey to the city his land within the lines of a new street where the sewer was to run, in consideration that nothing should be paid for sewer assessments on his adjoining property or for the right to enter the sewer therefrom, and conveyed the land. Subsequently it was voted by the aldermen, with the approval of the mayor, that the assessments for this sewer be assumed by the city on account of the adjoining estates not being benefited by the sewer. A permit to connect the premises with the sewer was issued by the sewer department and the connection was made. A purchaser of this land, on inquiring before his purchase at the collector's office and the sewer department, was informed that there were no assessments or charges against the land. Later this purchaser sued the city for injuries from an overflow of the sewer caused by the alleged negligence of the city. The defence relied upon was that the plaintiff's drain was not lawfully connected, because there was no payment before entering the drain at the rate of two cents per square foot of all land benefited by the connection, as required by the Rev. Ord. of Boston of 1885, c. 27, § 15. *Held*, that, even if for any reason the city had a right to repudiate its bargain, and if the issue of the permit was beyond the power of the sewer department, the city could not repudiate its agreement while still holding the land conveyed to it, and that until he had notice to the contrary the plaintiff had a right to rely on the information which he had received from the city and to assume that he was entitled to protection as one lawfully connected with the sewer.

HOLMES, C. J.    This is an action for damages caused by the overflow of a sewer which was allowed to get out of repair and choked by the negligence of the defendant. The sewage backed up through the plaintiff's drain, and the only defence relied upon is that his drain was not lawfully connected. The ground of the contention is that there was no payment, before entering the drain, at the rate of two cents per square foot of all land benefited by the connection as required by the Revised Ordinances of Boston, 1885, c. 27, § 15.

The plaintiff's predecessor agreed with the street commissioners, St. 1870, c. 337, § 2, and the head of the sewer department that he would convey land within the lines of Talbot Avenue, where the sewer ran, in consideration that nothing be paid for sewer assessments on this property or for the right to enter the sewer, and conveyed the land. *Livingstone* v. *Taunton*, 155 Mass. 363. This land the city still holds, and in no way has repudiated the bargain except as its counsel now attempts to do so. Subsequently it was voted by the aldermen, with the approval of the mayor, that the assessments for this sewer be " assumed by the city on account of said estates not being benefited by said sewer." *Sheridan* v. *Salem*, 148 Mass. 196. A permit to connect the premises with the sewer was issued by the sewer department, and the plaintiff before purchasing went to the collector's office and to the sewer department and inquired whether there were any assessments or charges against the land and was answered no.

It does not seem necessary to do much more than to state the facts. If for any reason the city had a right to repudiate its bargain, and if the issue of the permit was beyond the power of the sewer department, contentions to which we give no encouragement but simply do not consider further than to repeat that the city still holds the land conveyed to it, until he had notice to the contrary the plaintiff had a right to rely upon the information which he received, and to assume that he was entitled to protection as one lawfully connected with the sewer.

*Exceptions overruled.*

*S. M. Child,* for the defendant.

*E. R. Anderson,* for the plaintiffs.