BENJAMIN F. BRIGGS *vs*. TREASURER AND RECEIVER GENERAL.

Suffolk.    October 19, 1915. — May 16, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Wrongful Registration of Land.  Deed.*

An action of contract against the Treasurer and Receiver General under R. L. c. 128, §§ 95, 96, to recover compensation out of the assurance fund created under other sections of that statute for an alleged wrongful registration of a parcel of land belonging to the plaintiff, cannot be maintained by one whose only title to the land is derived from a deed purporting to convey the land to him, which is dated and was delivered after the decree of registration complained of and after a copy of such decree was received for transcription at the registry of deeds, the loss having been incurred, if at all, by the person who owned the land when the wrongful registration was made.

A deed of land, in which the description by metes and bounds is followed by the words "Together with all our rights in said Channel of Island End River if any," conveys the rights of the grantors in the estuary named, but does not convey a right to compensation under R. L. c. 128, § 95, for the loss of land that was a part of a dam across Island End River through a wrongful registration of such land by a decree of the Land Court.

LORING, J.    This is an action of contract under R. L. c. 128, §§ 95,* 96, to recover compensation out of the assurance fund created under other sections of that act, for the wrongful registration of a parcel of land as the land of the New England Structural Company.  We do not find it necessary to consider the many important and interesting questions which were argued at the bar.

The short answer to the plaintiff's claim is that when the parcel of land in question was erroneously registered (if it was erroneously registered) the plaintiff was not the owner of it.

The decree of registration was made by the Land Court on December 14, 1906, and the copy of it was received for transcription at the registry of deeds on January 26, 1907.    At that time

---

* The first part of R. L. c. 128, § 95, is as follows: "A person who, without negligence on his part, sustains loss or damage, or is deprived of land or of any estate or interest therein after the original registration of land, by the registration of another person as owner of such land or of any estate or interest therein, through fraud or in consequence of any error, omission, mistake or misdescription in any certificate of title or in any entry or memorandum in the registration book, may bring an action of contract in the Superior Court for the recovery of compensation for such loss or damage or for such land or estate or interest therein from the assurance fund."

and up to April 15, 1907, the plaintiff was a stranger to this piece of land. On April 15, 1907, he became grantee in a deed which purported to convey it to him (*inter alia*). If a right of action vested in any one it vested in the person who owned the land when the erroneous registration was made and that is not affected by a subsequent deed of the land. In this respect the case at bar stands on all fours with *Walker* v. *Oxford Woollen Manuf. Co.* 10 Met. 203, *Moore* v. *Boston*, 8 Cush. 274, *Isele* v. *Schwamb*, 131 Mass. 337, *Patten* v. *Fitz*, 138 Mass. 456.

There is nothing in the second contention made by the plaintiff, namely, that the right to be compensated for the loss of the land passed to the plaintiff by virtue of the subsequent deed.

The first argument of the plaintiff in that connection is that the description of the land conveyed including the parcel of land here in question is followed by these words: "Together with all our rights in said Channel of Island End River if any." This contention is based on the fact that the land erroneously registered as land of the New England Structural Company was part of a dam across Island End River. That clause conveyed to the plaintiff the grantors' rights in that estuary, but it did not convey to the plaintiff the right to be compensated for the loss of the land here in question.

In support of his argument on this second contention, the plaintiff relies on *Putnam* v. *Story*, 132 Mass. 205. In that case a homestead which should have been sold was with the consent of the remaindermen occupied by the life tenant, and one of the remaindermen in payment of a debt conveyed to a creditor his interest in that land, describing it. In that case the land ought to have been money but it was land. It could not have been held that a conveyance of the remainderman's interest in the land did not pass his right to the proceeds when the sale which ought to have taken place before did take place. That does not help the plaintiff in his contention here.

We have examined all the other authorities cited by the plaintiff and find nothing in them that requires notice.

In accordance with the terms of the report, judgment is to be entered on the verdict.

*So ordered.*

*B. F. Briggs, pro se.*

*H. W. Barnum*, Assistant Attorney General, for the defendant.