MARY E. HOWLAND *vs.* INHABITANTS OF GREENFIELD.

Franklin.     September 17, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Sewer. Waiver. Estoppel. Damages,* For property taken or impaired under statutory authority.

A claim of a landowner against a town for damages for the taking of an easement in his land for the construction of a sewer is a chose in action which does not pass by a deed of the land.

Where an easement in land for the construction of a sewer is taken by a town without giving notice of the taking as required by statute and without filing the layout as also required by statute, and where the landowner had actual notice of the vote of the selectmen to construct the sewer, which was passed at his

request, and subsequently appeared before the selectmen and said to them that he "was very anxious for the sewer" and "would claim no damages," and where his land was benefited by the sewer and he and his heirs for seventeen years after the construction of the sewer never questioned the regularity of the proceedings under which it was constructed, there has been a waiver of any right on the part of the landowner to object to the maintenance of the sewer in his land, and his successor in title cannot maintain a suit in equity against the town to enjoin the maintenance of the sewer or to recover damages for its maintenance.

BILL IN EQUITY, filed in the Superior Court on December 14, 1914, by the owner of certain real estate on Pierce Street in Greenfield against the town of Greenfield, praying, first, for a mandatory injunction ordering the defendant to remove from the plaintiff's land all pipes and conduits used by the defendant for the purposes of a sewer, and, second, for an order to the defendant to pay damages to the plaintiff for unlawfully maintaining a sewer in the plaintiff's land.

The case was referred to a master, who filed a report containing the findings that are stated in the opinion. The plaintiff filed exceptions to the report. The case was heard by *Quinn,* J., who made an order overruling the plaintiff's exceptions. He ruled, first, that the plaintiff was precluded from maintaining her bill because of the waiver of damages by Franklin A. Pond, her predecessor in title, and, second, that in the light of all the circumstances the plaintiff was guilty of laches. Later by order of the judge a final decree was entered dismissing the bill with costs to the defendant. The plaintiff appealed.

*H. E. Ward,* (*H. E. Adams* with him,) for the plaintiff.

*H. A. Weymoth,* for the defendant.

BRALEY, J. It is settled that where an easement in private land is taken for the maintenance of a sewer, only the person who at the date of taking owns the land or some interest therein has any claim to damages. And, independently of any question of waiver or estoppel, whatever right to damages in any form the owner of the land may have had, whether the entry of the defendant thereon was lawful or unlawful, was a chose in action which did not pass to her under the deed. *Webster* v. *Lowell,* 139 Mass. 172. *Briggs* v. *Treasurer & Receiver General,* 224 Mass. 46, 47.

But, while conceding that the first prayer of the bill for damages must fail, the plaintiff contends that under the second prayer she

is entitled to a mandatory injunction, because, the original location having been void, the subsequent maintenance of the sewer constitutes a continuing trespass. It appears from the record that Franklin A. Pond, who was the owner, desired the town to construct a branch sewer through a portion of his land for the purpose of securing more effective drainage, and that the town voted to construct the sewer. The selectmen proceeded to carry out the vote, and, where land was taken for a sewer, they were required by the statutes then in force to give written notice to the landowner or leave the same at his last and usual place of abode, seven days at least before taking action, of their intention to locate and maintain the sewer as well as of the time and place of their meeting, and also to file in the town clerk's office the layout with the boundaries and measurements seven days at least before the meeting when action was to be taken by the town on their report. Pub. Sts. c. 50, §§ 1, 2; c. 49, §§ 67, 71. The notice, however, although sufficient in form and delivered in hand, was not served until the day before the appointed time, and, while the town at a meeting duly warned and under an appropriate article in the warrant voted to build the sewer as laid out by the selectmen, it does not appear that the layout was ever filed. It is argued by the counsel for the plaintiff that the failure to comply with these requirements is fatal, and the construction of the sewer was unlawful. *Poor* v. *Blake,* 123 Mass. 543.

In our opinion these omissions are insufficient under the circumstances shown by the record to support the bill. While compliance with these provisions is necessary or the right of the public to take private property for a sewer cannot be exercised lawfully, and, if the landowner, being dissatisfied with the award of the selectmen, had asked for a jury to assess damages, he could not have maintained the petition (*Jeffries* v. *Swampscott,* 105 Mass. 535, *Blaisdell* v. *Winthrop,* 118 Mass. 138), the master reports that the landowner had actual notice, and that he subsequently appeared before the selectmen where he said that he "was very anxious for the sewer," and "would claim no damages." If this positive and deliberate action is coupled with the further facts that his estate was benefited by the sewer, which was built at his request, and that he must have known what portion of the land had been taken, and

that during the succeeding seventeen years of ownership by himself and his heirs the regularity of the proceedings has never been questioned, enough appears to show a waiver of the errors, or that he and his heirs were estopped from taking advantage of them. *Fuller* v. *County Commissioners,* 15 Pick. 81. *Seymour* v. *Carter,* 2 Met. 520. *Pickford* v. *Mayor & Aldermen of Lynn,* 98 Mass. 491. *Noyes* v. *City Council of Springfield,* 116 Mass. 87. *Collins* v. *Mayor & Aldermen of Holyoke,* 146 Mass. 298. *Driscoll* v. *Taunton,* 160 Mass. 486, 494.

If it be suggested that, in the absence of a layout duly filed the voters in town meeting do not "know exactly what the proposition is upon which they are to decide," the landowner could not avail himself of this error for his own advantage on the ground that in building and maintaining the sewer the town, which had acted in good faith, committed a trespass entitling him to injunctive relief and to damages. *Preston* v. *West's Beach Corp.* 195 Mass. 482, 493. *Watertown* v. *County Commissioners,* 176 Mass. 22, 32, 33, 34. The transaction from its inception having been in substance an agreement on his part, that, if the town would construct and maintain a sewer, he would give the necessary location and make no claim for damages, the cases of *Fitchburg Railroad* v. *Fitchburg,* 121 Mass. 132, *Grace* v. *Newton Board of Health,* 135 Mass. 490, and *Wood* v. *Milton,* 197 Mass. 531, are plainly distinguishable.

The plaintiff not having acquired any greater estate than that possessed by her predecessor in title after the sewer had been built, took the premises subject to the public easement. *Pickford* v. *Mayor & Aldermen of Lynn,* 98 Mass. 491. *Livingstone* v. *Taunton,* 155 Mass. 363. *Hendrie* v. *Boston,* 179 Mass. 59.

It becomes unnecessary to consider the question of laches also relied on by the defendant, and the decree dismissing the bill should be affirmed with costs.

*So ordered.*