INHABITANTS OF GREENFIELD *vs.* FREDERICK W. BURNHAM.

Franklin.     September 17, 1924. — November 5, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Building Line*, Validity of layout.  *Municipal Corporations*, Officers and agents.  *Estoppel.  Waiver.*

The owner of certain land in Greenfield made an excavation along two streets at their intersection without first obtaining a license which was necessary under the by-laws of the town. The town at once filed a bill in equity to restrain the defendant's action, which, upon his applying for a license, was dismissed. A license then was granted to the defendant upon his filing a stipulation reserving his rights if the layout of certain building lines at the point on the street in question were invalid. He made no further excavation within the time limit of the license nor did he fill in the excavation as the by-laws of the town

required. Six months later he filed a petition in the Superior Court for the assessment of damages caused by an alleged taking of land through the establishing of the building lines, in which he alleged a layout of the lines by the selectmen and a vote of the town to accept the lines as laid out, a taking of his land and resultant damage. Six months later the defendant erected a brick pier in his excavation, which was within the building line area. The town then brought a bill in equity to enjoin further construction and to compel restoration of the surface of the street. *Held,* that

(1) The defendant was not estopped to contend the invalidity of the building lines, there being nothing in his conduct which fairly indicated an intention to recognize such validity, and no action or failure to act on the part of the plaintiff having resulted from reliance upon any such intention;

(2) The conduct of the defendant should not be treated as a waiver, as a matter of law, of his claim that the establishment of the building lines was invalid.

The board of selectmen of a town, acting under G. L. c. 82, § 37, which theretofore had been accepted by the town, gave a public hearing on the establishment of building lines on certain streets. The next day a plan of the proposed layouts was seen by the town clerk in a vault in the town building where he kept town records, which was not in his office and was not locked. The clerk used this vault in common with other officials of the town, all of whom had access to it. The plan had not been delivered to the clerk nor left at his office nor called to his attention by any one. After he noticed it, he made no record of it nor did he mark it or identify it until after a town meeting at which, under a warrant properly drawn, the town voted to accept the building lines as laid out by the selectmen. Thereafter the plan was indorsed and signed by the clerk and remained in his custody. *Held,* that the plan was not filed as required by the statutes and the layouts were for that reason defective.

The requirement of G. L. c. 82, § 23, as to the filing by selectmen or road commissioners of a town of a layout, relocation or alteration of a town way or private way with the town clerk not less than seven days before the acceptance of the action of the selectmen at a town meeting, is not merely directory nor is it an unimportant detail; but failure to comply with such requirement renders invalid a later acceptance of the action of the selectmen by vote of the town.

Bill in equity, filed in the Superior Court on August 5, 1924, seeking to restrain the defendant from infraction of certain by-laws of the plaintiff relating to establishing building lines on Main Street and on Davis Street, and to compel him to restore the surface of sidewalks excavated by him and to exact from him performance of a stipulation made on his receipt of a license to excavate.

In the Superior Court, the suit was referred to a master.

Findings by the master are described in the opinion. The suit was heard upon the master's report by *Fosdick*, J. Material findings and rulings by the judge are described in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*W. A. Davenport*, (*C. Fairhurst* with him,) for the plaintiff.

*H. J. Field*, (*F. J. Lawler* with him,) for the defendant.

WAIT, J. This is a bill in equity seeking to restrain the defendant from infraction of by-laws establishing building lines on certain streets in Greenfield; to compel him to make restoration of the surface of sidewalks excavated by him, and to exact performance by him of a stipulation made on his receipt of a license to excavate. The answer denies the validity of the establishment of the building lines. A replication sets up that the defendant is estopped to object to the validity of the establishment of the building lines by the pendency of a petition filed by him for the assessment of damages caused by such establishment.

The cause was referred to a master who reported in substance as follows:

On February 2, 1923, the selectmen of Greenfield, acting under G. L. c. 82, § 37, which, with the provisions of earlier laws now embodied in said section, had theretofore been duly accepted by the town, gave a public hearing on the establishment of building lines on Main Street and on Davis Street. On the next day, the town clerk saw a plan of the proposed layouts in a vault in the town building where he kept town records. This vault was not in his office. It was not locked. It was used by the town clerk in common with many other officials of the town including the town engineer, all of whom had access to it. The plan had not then been delivered to him. It had not been left at his office, nor had it been called to his attention by any one. The town clerk, after he noticed it, made no record of the plan, nor did he mark it or identify it in any way until after the town meeting held March 17, 1923.

At a town meeting on March 17, 1923, the town, acting under articles in the warrant: " To see if the town will vote to accept building lines [on Davis Street and] on Main Street

. . . as laid out by the Selectmen February 2, 1923, or pass any vote or votes in relation thereto," voted unanimously to " accept building lines on [Davis Street] and on Main Street as laid out by the Selectmen on February 2, 1923." The plan was brought to the place of meeting by the town engineer and was exhibited and discussed at the meeting. After the meeting and on the same day, it was indorsed and signed by the town clerk, and, thereafter, it remained in his custody. Except this plan no other document or paper relating to the establishment of the building lines in question was ever filed in the office of the town clerk.

Portions of the defendant's property on the corner of Main Street and Davis Street were included within the building line areas shown on the plan on Davis Street and on Main Street.

About July 20, 1923, the defendant, without first obtaining a license therefor, made an excavation along both streets at their intersection. The by-laws of the town forbid any excavation in the highways without license of the selectmen; and, if any excavation is made under a license, they require restoration of the surface to the satisfaction of the selectmen before the expiration of the license. They authorize the selectmen to grant licenses but require the licensee to execute a written agreement to hold the town harmless and to indemnify it against damage or cost. The town, accordingly, at once filed a bill in equity to restrain the defendant; but dismissed the bill on his applying for a license. The license was granted July 25, 1923. The defendant signed a stipulation reserving his rights if the layouts of the building lines were invalid. After obtaining the license, which expired in thirty days, he made no further excavation; but did not, before the expiration of the license, fill in the excavation already existing.

On January 31, 1924, he filed a petition in the Superior Court for a jury to assess damages caused by the taking of land by establishing building lines. This petition is between the same parties and relates to the same land involved in this bill. It alleges a layout of building lines by the selectmen on February 2, 1923; a vote by the town on March

17, 1923, at the annual town meeting to accept the building lines as laid out; a taking of valuable land from the petitioner causing him damage and loss as regards the land and buildings thereon for which he has been awarded no damage and has been unable to obtain adequate compensation; and a deprivation from utilizing his land for the purpose of erecting a building thereon to his great loss and damage. It alleges, further, that the petitioner " is aggrieved by the establishment of said building lines and the taking of his land," and prays that a jury may determine " the loss, injury and damage sustained by him by reason of the establishment of said building lines and the taking of said land." This petition is still pending and has not been tried.

On August 2, 1924, the defendant erected a brick pier in the excavation at the corner of Main Street and Davis Street. On this he proposes to support a steel column, to support in its turn steel beams for an addition to his present buildings which would constitute a new structure within the building line area. The plaintiff requested the defendant to remove the pier, fill the excavation and cease to erect buildings or structures within the building line area except ordinary and incidental repairs to present buildings and structures. The defendant refused to comply; and, on August 5, 1924, the present bill was brought. On the return day of an order of notice, the defendant stipulated that he would " do no construction work outside the limits of the so called building lines on the northerly side of Main Street and the easterly side of Davis Street until the further order of the court."

The master reported that the excavations made by the defendant on Davis Street and Main Street about July 20, 1923, with the pier and the proposed structure for which the pier was designed, were within the property lines of the defendant and within the building line area; but at the hearing on confirmation of the report (at which no exceptions were taken) the judge found that there was error in this, and that, in fact, portions of the excavation thirty and one half feet long by two feet wide on Davis Street and ten feet long by two feet wide on Main Street were within the highways

and outside both the defendant's property line and the building line area. The hearing on confirmation of the report and the merits of the case was held on September 6, 1924; and the judge, in addition to the finding already stated, also found that the defendant had caused the excavation outside this property line and the building line area and within the highway to be filled, and had made satisfactory arrangements to replace the concrete walk. The defendant contended that there was no valid establishment of the building lines so far as his property was concerned and that his acts had not been illegal. The plaintiff contended that the establishment of the building lines was valid; and that the defendant by filing his petition for the assessment of damages arising from the establishment of the building lines was estopped from questioning their validity. The master made no ruling of law, but found that if there was no estoppel and if there was no valid establishment of the building lines, the defendant was acting within his rights. In an earlier part of the report he stated " I find that the plan was not filed in the office of the Town Clerk until the day of the town meeting on March 17, 1923, and then after the meeting." The decree of the Superior Court, made on motion of the defendant, recited that the defendant had filled any excavation made by him within the limits of Davis Street and Main Street, and ordered that the bill be dismissed with costs to the defendant. The plaintiff appealed.

It is obvious that the decree is not a consent decree based upon an agreement for settlement reached by the parties; but is a determination of the merits of the controversy. It decides that, apart from his action in excavating within the limits of the highways which is treated as cured by his filling in the excavation and arranging satisfactorily for the restoration of the concrete surface of the sidewalks, the defendant has not been in fault. It decides that the defendant is not estopped from setting up the invalidity of the establishment of the building lines by filing his petition for the assessment of damages caused by the establishment of those lines; that the plan of the layout of the building lines was not filed in

compliance with the law, and consequently that there was no valid establishment of the building lines.

By the appeal the plaintiff challenges the correctness of these conclusions.

The defendant is not estopped. There is nothing in his conduct which fairly has indicated any intention to recognize the validity of the establishment of the building lines; and there is no action of the plaintiff which has been taken in reliance on any such intention, nor any failure by it to act, due to such reliance. As early as July, 1923, he began operations on his property within the building line area in defiance of the act of the town if valid. The bill in equity then filed to restrain him was abandoned when he complied with so much of the law as he admitted he had infringed. He was then in fault. Whether or not the establishment of the building lines was valid, his action in digging in the highways without license was wrong. He cured this fault by obtaining a license; and, at the same time, he asserted his claim that the layout of the building lines was invalid. He was not bound to insist that the bill should be prosecuted to determine that question, after he had corrected the wrong for which it was certainly maintainable. In the event that the layout of building lines was valid he was injured in his property; and his only remedy to recover for this was a petition for the assessment of damages, which by the law must be brought within one year from a date which he well might fear would be held to be either February 2 or 3, 1923. (See *Brookline* v. *County Commissioners*, 114 Mass. 548.) He filed such a petition on January 31, 1924, when only two or three days were left of such period of limitation. It is true that in prosecuting the petition, it was not open to him to contest the validity of the layouts, *Pinkham* v. *Chelmsford*, 109 Mass. 225, *Murray* v. *Norfolk*, 149 Mass. 328; and that the entire proceeding rests upon the validity of the layouts and the allegations of the petition assert it. Those assertions are essential. He must make them. They were true, if he was wrong in his view of the law. He was faced with a situation where if he did not file the petition he lost his

right to recover such damage as was caused him by the layouts if valid; and if he did file it, he might lose the right to challenge the validity, and suffer even greater loss. In our opinion it is not just to treat his action as a waiver of his claim of invalidity.

The petitioner relies on the decision in *Pinkham* v. *Chelmsford*, 109 Mass. 225, as authority that there has been a waiver. In the case at bar the defendant did not act without protest or notice of objection to the proceedings. In the stipulations in connection with both bills in equity he carefully guarded against admitting the legality of the layouts. He did not file his petition until necessary to save his rights if he were in the wrong; and he has not pressed or tried it. It falls within the principle of the cases of *Moore* v. *Sanford*, 151 Mass. 285, which held that a petition for assessment of damages did not waive the right to insist that the statute on which the taking was based was unconstitutional, and of *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, which at page 357 discusses a position analogous to that presented here. These seem to us the controlling authorities.

The plan was not filed as required by the statutes. G. L. c. 82, § 23, requires that the layout be " filed in the office of the town clerk " not less than seven days before it is accepted by the town at a town meeting. All that the town clerk knew of the layout before the town meeting was that he had seen it in a safe, which was not in his office, and which was used by the town engineer and many other town officers as well as by the town clerk. The finding of the master that the plan was not filed in the clerk's office before March 17, 1923, after the town meeting, involves a ruling of law, and is not conclusive. The judge of the Superior Court, however, with the finding of the detailed facts before him, decided that the plan was not filed, and we do not see how he could have reached a different conclusion. The facts in the case of *Reed* v. *Acton*, 120 Mass. 130, cited by the plaintiff as decisive, are clearly distinguishable. There the document in question was left with the town clerk in

his official capacity; it was placed by him in a safe used exclusively by him; and it was continuously in his custody.

The layouts were defective. The statute requirement (G. L. c. 82, § 23) that the layout be filed 'with the town clerk at least seven days before the action of the town at a town meeting is not merely directory, nor is the filing an unimportant detail. *Jeffries* v. *Swampscott,* 105 Mass. 535. *Brookline* v. *County Commissioners,* 114 Mass. 548. *Blaisdell* v. *Winthrop,* 118 Mass. 138. *Howland* v. *Greenfield,* 231 Mass. 147. Failure to comply with it invalidated the establishment of the layouts.

The decree of the Superior Court was right, and it is affirmed with costs.

*So ordered.*