HARRY W. MERRILL *vs.* SELECTMEN OF SAUGUS.

Essex.   January 5, 1956. — May 9, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Certiorari. Way,* Public: establishment.

Certiorari does not lie to quash action of the selectmen of a town purporting to take an easement in land for the purposes of a public town way pursuant to a vote of the town.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Essex on September 29, 1954.

Upon transfer to the Superior Court, the case was heard by *Warner,* J.

*Herbert P. Mason,* for the petitioner.

*Albion L. Hogan,* Town Counsel, for the respondents.

RONAN, J.   This is an appeal from a judgment dismissing a petition for a writ of certiorari brought by a landowner against the selectmen of the town of Saugus for the purpose of quashing the action of the respondents in purporting to take an easement in his land for the purpose of a public way together with an easement for a slope in land adjoining the boundaries of the land taken.

At an adjournment of the annual town meeting held on April 6, 1953, it was unanimously voted that the town purchase or take by eminent domain for the purposes of a highway "a strip of land approximately 400 feet long and 40 feet wide, as shown on plan on file with the town clerk, said strip of land being a portion of Lot A–96 on Assessors' Plan 1038." It was also voted that the town appropriate the sum of $10 for the purpose of carrying out said purchase or taking. The selectmen made an order of taking on December 7, 1953, where after referring to the action of the voters at the adjourned town meeting on April 6, 1953, and purporting to act under G. L. (Ter. Ed.) cc. 40 and 79 and "all

other provisions of law applicable thereto" it ordered taken an easement for the purposes of a public town way in the land shown upon a plan entitled "'Plan of Land in Saugus, owned by Harry W. Merrill taken for Municipal Purposes, Saugus, Mass.,' drawn by Henry Seaver, Sur. and dated May 19, 1953, to be recorded herewith." The land according to this last mentioned plan is a parcel bounded southerly by Water Street 116.44 feet, westerly by land of Merrill on four courses totaling 557.24 feet, northerly by land of Polonis and another 21.30 feet and by land of Ferri 22.62 feet, and easterly by land of Merrill on four courses totaling 627.07 feet. This plan differed essentially from the plan in existence on April 6, 1953. The petitioner was given written notice on January 28, 1954, of the order of December 7, 1953, and that the order and the last mentioned plan were recorded at the registry of deeds on December 23, 1953.

A petition for a writ of certiorari does not lie to set aside this alleged taking. It was said in *Robbins* v. *Lexington*, 8 Cush. 292, 293, that the law on the subject is "fully settled by an unbroken practice from the earliest times of the location of private and town ways; that they were always open to litigation as to their legality by any party aggrieved, in actions of trespass or case, when their legal existence was material to be shown, and not liable to be set aside by certiorari; we have felt bound to dismiss the petition, upon the ground that certiorari is not the proper mode to try the legality of a private way established by the doings of the selectmen and a vote of the town." This limitation upon the remedy by certiorari has been recognized in *Hooper* v. *Bridgewater*, 102 Mass. 512, 513, *Locke* v. *Selectmen of Lexington*, 122 Mass. 290, *Foley* v. *Haverhill*, 144 Mass. 352, 353-354, *Janvrin* v. *Poole*, 181 Mass. 463, 464, and *Stowell* v. *Board of Public Works of New Bedford*, 184 Mass. 416.

We have at times decided the merits of the controversy when because of defects in the procedure the question was not presented for decision especially where considerable time and effort have been expended by the parties in presenting the issue, or where a matter of public exigency or public

interest is involved, or where a similar situation exists in a large number of pending cases. *Wellesley College* v. *Attorney General*, 313 Mass. 722. *Clark* v. *City Council of Waltham*, 328 Mass. 40. There is nothing in the present proceeding that induces us to exercise our discretion to go beyond the scope of the pleadings especially in view of the fact that the merits of the case are readily decided by reference both to the statutes and to the adjudicated cases. See G. L. (Ter. Ed.) c. 82, §§ 21–24; *Jeffries* v. *Swampscott*, 105 Mass. 535, 536; *Blaisdell* v. *Winthrop*, 118 Mass. 138, 140; *Howland* v. *Greenfield*, 231 Mass. 147, 149; *Greenfield* v. *Burnham*, 250 Mass. 203, 211; *Markiewicus* v. *Methuen*, 300 Mass. 560, 563.

*Judgment affirmed.*