GUSTAVUS A. GODBOLD *vs.* CITY OF CHELSEA.
ELISHA MYRICK · & wife *vs.* SAME.

On a petition for a jury to assess damages for altering or repairing a street under the better-
ment acts, any benefit to the petitioner from the alteration or repair is not to be allowed
in set-off.

Whether a city, in altering or repairing a street, have proceeded under the Gen. Sts. *cc.* 43,
44, or under the betterment acts, (Sts. 1866, *c.* 174; 1868, *cc.* 75, 276 ; 1869, *c.* 169,) is a
question of fact; and on a petition for a jury to assess damages for such alteration or
widening, a ruling of the Superior Court, which was right if the one method was followed,
will be presumed to be correct, unless the record shows that the other method was followed

TWO PETITIONS for a jury to assess damages caused to the es-
tates of the petitioners by reason of the respondents raising the
grade of Fourth, Pearl and Cherry streets in Chelsea. Trial
on both petitions was had before a sheriff's jury, and verdicts
were returned for the petitioners. The sheriff, in his certificate
in the matter of each petition, stated that he made the follow-
ing ruling : " The benefit, if any, which the petitioner may have
received by the alteration and repair in question is not to be
allowed in the assessment of any damage by way of set-off ; it
being admitted that the respondents had accepted the betterment
law, so called."

In the Superior Court the respondents moved to set the ver-
dicts aside, for the reason that this ruling of the sheriff was erro-
neous ; but that court accepted the verdict, and the respondents
appealed.

*T. P. Cheever*, for the respondents.

*A. A. Ranney*, for the petitioners.

MORTON, J. The respondents object to the acceptance of the
verdicts upon the ground that the sheriff ruled and instructed the
jury that " the benefit, if any, which the petitioner may have
received by the alteration and repair in question is not to be al-
lowed in the assessment of any damage by way of set-off." It
is clear that this ruling was erroneous if the proceedings of the
city of Chelsea in raising the grade of the streets in question
were under the General Statutes. They expressly provide that
any benefit which the complainant may receive by reason of the

alteration or repair shall be allowed by way of set-off.   Gen. Sts. *c.* 43, § 16, and *c.* 44, § 19.

But if these proceedings were under the "betterment acts," so called, the rule is different.   These acts provide for the assessment of the full damages at one stage of the proceedings, and the assessment of the benefit and advantage to the landowner at a subsequent stage and by an independent act.   Sts. 1866, *c.* 174; 1868, *cc.* 75, 276; 1869, *c.* 169.   *Edmands* v. *Boston*, 108 Mass. 535.   The one is not to be set off against the other, but the assessment for benefits is made a lien upon the real estate assessed, and may be enforced in the same manner as is provided by law for the collection of taxes.   The "betterment acts" give cities and towns the power to lay out, alter and change the grade of streets, and to assess a portion of the expense upon estates benefited, but they leave it optional with the city or town to proceed under the General Statutes.   Such is the effect of § 10 of the St. of 1866, *c.* 174, which provides that "this act shall not be construed as repealing any existing laws relating to the laying out, widening, discontinuance, change of grade or other alteration of streets and highways."   *Chase* v. *Worcester*, 108 Mass. 60.   The provisions of the General Statutes referred to are not repealed, but they do not apply to a case where the city or town elects to proceed under the betterment acts.

The question, therefore, whether the ruling of the sheriff was correct depends upon the question whether the proceedings of the defendants were taken under the betterment acts or under the General Statutes.   This is a question of fact to be determined by the Superior Court, and in regard to which the decision of that court is final.   The report of the case discloses nothing to us upon this question.

The burden is upon the party appealing to show that the ruling objected to is erroneous; and as nothing appears to the contrary, we must assume that the Superior Court found this fact in a manner necessary to support its ruling.   *Allen* v. *Charlestown*, 109 Mass. 243.

Assuming, then, that the proceedings in this case were under the betterment acts, it follows that the ruling of the sheriff which is objected to was correct.                    *Verdicts accepted.*