FITCHBURG RAILROAD COMPANY *vs.* CITY OF FITCHBURG.

Worcester.    October 4. — 23, 1876.    COLT & MORTON, JJ., absent.

On a petition for the laying out of a town way, the selectmen ordered notice to be given to the owners of the land, over which the way was proposed to be laid out, that the selectmen would meet at a time and place named, and "proceed to view the route set forth in said petition, to hear all persons interested therein, who may then and there desire to be heard thereon; and if they shall adjudge the prayer of said petition ought to be granted, they will then proceed to lay out and locate a road over said route, agreeable to said petition." *Held,* that a notice, given in accordance with this order, was insufficient under the Gen. Sts. *c.* 43, § 61, to au- · thorize the laying out of the way.

TORT for breaking and entering the plaintiff's close. Writ dated December 31, 1874. Trial in the Superior Court, before *Putnam*, J., without a jury, who allowed a bill of exceptions in substance as follows :

The trespasses complained of were admitted by the defendant to have been done by its agent ; and the title of the plaintiff to the land in question was also admitted.

On August 26, 1868, the following petition, signed by David Boutelle and nine others, was presented to the selectmen of Fitchburg : " To the honorable board of selectmen of Fitchburg. We, the subscribers, legal voters of Fitchburg, would respectfully request that you would lay out and report to the town a street over the passway leading from Summer Street, opposite D. Boutelle's house, to the depots. In doing which the convenience of the public would be highly promoted."

On the same day the selectmen passed the following order : " On the petition aforesaid, ordered, that all persons interested therein be notified that the selectmen will meet at the Fitchburg Railroad Passenger Station in said Fitchburg, on Saturday the nineteenth day of September next, at one o'clock, P. M.    And it is further ordered, that David Boutelle, one of the petition- ers aforesaid, serve each person interested in real estate, over which said road is petitioned to pass, with notice of said meet- ing and order, seven days, at least, before the said nineteenth of September, at which time and place the said selectmen will proceed to view the route set forth in said petition, to hear all persons interested therein, who may then and there desire to be

heard thereon ; and, if they shall adjudge the prayer of said peti-
tion ought to be granted, they will then proceed to lay out and
locate a road over said route, agreeable to said petition. And
the said David Boutelle is ordered to make return of said peti-
tion and order, with his doings thereon, to one of the said select-
men, on or before the said day."

After the hearing mentioned in the order, the selectmen pro-
ceeded to lay out a town way, to be called Depot Court, and de-
scribed and located it in the report of their doings to the town,
on October 26, 1868. One C. L. Heywood, superintendent of
the Fitchburg Railroad Company, acknowledged notice upon the
back of said petition, on September 2, 1868, but there was no
other evidence of any authority on his part so to do, except his
thus signing his name. There was no other evidence of notice
to the corporation of the laying out of said way, or that it had
any knowledge of the same. The trespasses complained of were
the removal of trees and a curb-stone, within the limits of the
town way as located and described in the return of the select-
men, but outside of the " passway " named in said petition.

The judge found, upon these facts, that the plaintiff was enti-
tled to recover, and ordered judgment for it in the sum of $65.
The defendant alleged exceptions.

*D. H. Merriam*, for the defendant.

*G. A. Torrey*, for the plaintiff, was not called upon.

ENDICOTT, J. It is provided in the Gen. Sts. c. 43, § 61, that
a town way shall not be laid out, " unless, seven days at least
previously thereto, a written notice of the intention of the select-
men to lay out or alter the same " is served, as therein provided,
on the owners of the land, over which the selectmen propose to
lay out the way. The notices issue after the selectmen have
formed the intention to lay out the way. The statute makes no
provision for a hearing on the question whether the common con-
venience and necessity require the way to be laid out, as in the
case of laying out highways by the county commissioners. §§ 3–6.
That question the selectmen are presumed to have decided be-
fore issuing the notices to the owners of the land, and nothing
remains for the selectmen to do on the day appointed but to lay
out the way.

In this case, the selectmen were requested by petition, daced August 26, 1868, to lay out the way. On the same day, they ordered notice to be given to all persons interested in the land over which the petitioners requested the way to be laid out, returnable on September 19, at which time the selectmen would view the proposed route and hear the parties. And the order of notice contains this clause: "and if they shall adjudge the prayer of said petition ought to be granted, they will then proceed to lay out and locate a road over said route." On October 26, the way was laid out by the selectmen, and it does not appear that any other proceedings were had. Upon the record as presented, there was no notice to the owners of the land that the selectmen intended or had decided to lay out the way on the day appointed for the hearing. The owners were only notified that the selectmen would on that day consider the question whether a way should be laid out, and, if they decided in the affirmative, they would then proceed to lay out the way. On that question they had no authority to cite parties before them, and the proceeding was not in conformity to the statute.

*Exceptions overruled.*