HENRY FULLER, JR. *vs.* MAYOR AND ALDERMEN OF SPRINGFIELD.

Hampden.   Sept. 25. — Oct. 19, 1877.   ENDICOTT & LORD, JJ., absent. SOULE, J., did not sit.

The St. of 1874, *c.* 275, § 2, providing that "every highway or townway hereafter laid out shall be deemed to be laid out" under the Gen. Sts. *c.* 43, and the amendments thereof, "unless the order laying out the same expressly declares the same to be laid out" under the betterment acts, applies to a case of widening a street by a city, the final order for which was passed after the St. of 1874 took effect.

PETITION for a writ of certiorari, to quash an order of the board of mayor and aldermen of the city of Springfield, passed December 20, 1875, assessing betterments occasioned by the widening of East Court Street, one of the reasons assigned for the invalidity of the assessment being that the order of widening the street was passed after June 27, 1874, when the St. of 1874, *c.* 275, took effect, and that it did not state that the street was widened under the provisions of law authorizing the assessment of betterments.

It appeared, from the record annexed to the answer of the respondents, that the order of widening was introduced on June 22, 1874, and passed on July 13, 1874.

Hearing before *Colt*, J., who reserved the case for the consideration of the full court.

*M. P. Knowlton*, for the petitioner.

*N. A. Leonard*, for the respondents.

GRAY, C. J.    The St. of 1874, *c.* 275, is entitled "An act in relation to the laying out of highways and town ways," and contains the following provisions :

"Section 1. Highways and town ways may be laid out, constructed, altered, widened, graded or discontinued under the provisions of chapter forty-three of the General Statutes and any general laws in amendment thereof, notwithstanding the acceptance by any city or town of any act authorizing the assessment upon estates benefited of a portion of the cost of such highways or town ways.

"Section 2. Every highway or town way hereafter laid out shall be deemed to be laid out under the provisions of said chapter forty-three of the General Statutes and any general laws in amendment thereof, unless the order laying out the same expressly declares the same to be laid out under the provisions of law authorizing the assessment of betterments."

The first section of this statute was declaratory of the law as previously existing ; and the second section was evidently intended to cure the difficulty which before existed in ascertaining whether the proceedings were under the highway act or under the betterment act — a question most important to the landowner, because it affected the benefits which might be deducted from his damages, as well as the tax which might be imposed upon him.    *Allen* v. *Charlestown*, 109 Mass. 243.    *Godbold* v. *Chelsea*, 111 Mass. 294.    *Ryan* v. *Boston*, 118 Mass. 248.    As the statute contains no saving or exception of proceedings pending, it clearly applies to cases in which the final order was passed after the statute took effect.    *New London Northern Railroad* v. *Boston & Albany Railroad*, 102 Mass. 386, 390, 391.

The order of the respondents, assessing a betterment upon this petitioner, can only be upheld upon the theory that the order of widening is under the betterment act, as the respondents contend that it is.    But the difficulty is that the order does not so state.    It is argued by the learned counsel for the respondents that the statute above quoted does not require such a statement in the case of widening an existing highway, but only in the case of laying out a new highway.    But although the words "constructed, altered, widened, graded or discontinued," which ollow the words "laid out" in the first section of the statute,

are not repeated in the second section, we are of opinion that the whole act, read in the light of the previous law, and of the object to be accomplished, manifests the intent of the Legislature that the words "laid out" in the second section, like the words "laying out" in the title of the statute, should not be limited to an original laying out, in the strictest sense, but should include every order of the municipal authorities by which private property is taken or injured for the purpose of a public way.                                            *Writ of certiorari to issue.*