STEPHEN BROCK *vs.* OLD COLONY RAILROAD COMPANY.

Norfolk.　January 16, 1888. — February 29, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad — Location — Taking — Notice — Plan.*

The filing of a railroad location, identifying the land taken, under the Rev. Sts. c. 39, § 75, was a sufficient notice of the taking.

A plan filed with a valid railroad location did not bear the name of the owner of certain land taken, but did give that of an adjoining owner. *Held,* that the former could not have been misled by such omission.

A railroad filed a valid location in 1854, under the Rev. Sts. c. 39, § 75, but did not furnish a plan to an owner of land taken but not actually used until 1879. *Held,* on a writ of entry brought by such owner in 1886, that his right to a plan if it existed, was a naked right, and would not entitle him to recover.

WRIT OF ENTRY, dated October 1, 1886, to recover a parcel of land in Stoughton. The case was submitted to the Superior Court, and, after a judgment for the tenant, to this court, on appeal, on an agreed statement of facts, in substance as follows:

On September 27, 1854, the plaintiff owned a tract of land in Stoughton, which was bounded on its easterly side by land of O. Ames and Sons. The Easton Branch Railroad Company, to whose rights and liabilities the tenant had succeeded, was incorporated by the St. of 1854, c. 55, and on September 27, 1854, filed the location of its railroad in the office of the county commissioners of the county of Norfolk. A plan accompanied, and was made a part of the location. By such location and plan the demandant's name did not appear as one of the persons whose land was taken in and by the location, though the name of O. Ames and Sons did so appear; but by an application of the monuments, boundaries, courses, and distances given in the plan and location to the land itself, it appeared that the demanded premises were included in the location.

The Easton Branch Railroad Company afterwards constructed its road over the land described in its location, but did not before doing so furnish the demandant with a plan of his land included in its said location, nor did the plaintiff request such a plan.

The Easton Branch Railroad Company or the tenant did not fence or enter into actual occupation of the demanded premises

until the year 1879, since which time the tenant has been in actual occupation against the objection of the demandant, who up to that time had no actual knowledge that any of his land was included in the location, nor any notice of that fact except such as was given by the filing of the location.   The demandant has never parted with his title to the demanded premises except as herein stated, nor did the Easton Branch Railroad Company or the tenant ever pay the plaintiff any damages or compensation for the taking of his land.

O. A. *Marden,* for the demandant.

J. H. *Benton, Jr.,* for the tenant.

HOLMES, J.   The location identified the land, and therefore satisfied the Rev. Sts. c. 39, § 75.   Filing it was sufficient notice of the taking.   *Woodbury* v. *Marblehead Water Co.* 145 Mass. 509.   *Grand Junction Railroad* v. *County Commissioners,* 14 Gray, 553, 564.   As pointed out by the tenant, it must be presumed that the demandant was notified of the petition for authority to take, as required by the Rev. Sts. c. 39, §§ 46–48. The authority and its limits are contained in the charter, St. 1854, c. 55, and acts referred to.   It would be impracticable to make the validity of the taking depend upon notifying all owners personally by name, and in proceedings *in rem* of this sort it is not necessary.   In view of the above decisions, we do not think it requisite to do more than cite a few cases from other States, which sustain or go beyond our opinion.   *Johnson* v. *Joliet & Chicago Railroad,* 23 Ill. 202.   *Cupp* v. *Commissioners of Seneca County,* 19 Ohio St. 173.   *Stewart* v. *Board of Police,* 25 Miss. 479.   *Wilson* v. *Hathaway,* 42 Iowa, 173, 176.   *Owners of Ground* v. *Albany,* 15 Wend. 374.   *George's Creek Coal Co.* v. *New Central Coal Co.* 40 Md. 425, 438.

It should be added, that the agreed facts do not warrant the assumption of the demandant in his argument that the names of other owners did appear in the location and plan in such a way as naturally to mislead him into the assumption that no part of his land was included.

The objection that the demandant was not furnished a plan is pretty nearly disposed of by *Abbott* v. *New York & New England Railroad,* 145 Mass. 450.   The fact that the land in controversy belonged to a different person from the owner of the adjoining

land actually used by the railroad, whether or not it might be important under other circumstances, is not so in this case. The failure to furnish a plan did not affect the tenant's title, (145 Mass. 451,) nor suspend the running of the time for applying for damages, which has long gone by. Rev. Sts. c. 39, § 58. *Charlestown Branch Railroad* v. *County Commissioners*, 7 Met. 78. *Hazen* v. *Boston & Maine Railroad*, 2 Gray, 574, 580, *Meriam* v. *Brown*, 128 Mass. 391, 393. The right of the demandant now to require a plan, if it exists, is a naked right of no practical use, and does not entitle him to recover in this action.                                   *Judgment affirmed.*