BOSTON AND ALBANY RAILROAD COMPANY *vs.* CITY OF NEWTON & another.

Middlesex.   January 8, 1889. — February 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad — Alteration in Crossing — Special Commission — Jury.*

A jury applied for under the Pub. Sts. c. 112, § 133, may revise the apportionment, made by a special commission appointed under § 131, of the cost of altering a railroad crossing, and reapportion it between the railroad corporation, the city or town, and the county.

PETITION under the Pub. Sts. c. 112, § 133, to the Superior Court, for a jury to revise the award of a special commission appointed under § 131 to apportion among other things the cost of altering a railroad crossing.

At the trial, before *Brigham*, C. J., it appeared that a special commission, which was duly appointed after the county commissioners had duly decided that the alterations were necessary, and had prescribed the manner and limits within which the same should be made, had filed an award determining that the railroad company should carry the decision of the county commissioners into effect, and apportioning the cost thereof between it, the county of Middlesex, and the city of Newton.  The jury returned a verdict increasing the proportion of the charges and expenses to be borne by the railroad company; and a motion was duly made to set aside the verdict, so far as the apportionment was concerned, because " 1. There was no warrant in law for such apportionment by the jury," and " 2. There was no fact found by the special commissioners relative to such apportionment which could be revised by the jury."   The judge overruled the motion; and the petitioner alleged exceptions.   The respondents also alleged exceptions.

*S. Hoar,* for the petitioner.

*C. Robinson & W. F. Slocum,* for the respondents.

C. ALLEN, J.   The contention of the petitioner is, that the award of the special commission was final, in respect to the apportionment between the county, city, and railroad company of

the expenses of making the alteration. This depends upon the construction of the statute giving the right to apply for a jury. No such question could have arisen under the St. of 1878, c. 175, § 2, which provided that "any party affected by said award may . . . apply to said court for a jury to revise and determine any matter of fact or issue relating to the determination and award of said special commissioners as to the party by whom the charges and expenses occasioned by making such alterations and all future charges for keeping in repair such crossing and the approaches thereto, as well as all costs of the application to the county commissioners, or of the hearing before said special commissioners, shall be borne, or as to the apportionment of all or any of such charges between the railroad corporation and the town, city or county in which said crossing is situated." The provision upon this subject is expressed in the Pub. Sts. c. 112, § 133, as follows: "A party aggrieved by said award may . . . apply to the court for a jury to revise and determine any matter of fact found therein"; and the specification of particulars contained in the earlier statute is omitted. But the meaning is the same. One object in consolidating and arranging the statutes was to reject superfluous words, and to condense into as concise and comprehensive a form as is consistent with a full and clear expression of the will of the Legislature all circuitous, tautological, and ambiguous phraseology. Resolve of 1880, c. 46. We find in the above section of the Public Statutes no intention to change the law, and the general authority which is vested in the jury to revise and determine any matter of fact found in the award is broad enough to include the apportionment of the cost of making the alterations between the railroad corporation, the county, and the city. The respondents' exceptions are waived.

*Petitioner's exceptions overruled.*