MASONIC BUILDING ASSOCIATION & others, petitioners, *vs.*
STEPHEN A. BROWNELL & others.

FRANCIS B. GREENE, petitioner, *vs.* SAME.

Bristol.    March 18, 1895. — September 21, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Betterment* — " *Order laying out* " *Way — Statute — Constitutional Law —
Board of Public Works for New Bedford — Validity of Assessment —
Description of Estate assessed — Error in Name of Owner — Uncertainty.*

The board of public works of a city, established by a statute which vested in the
board sole jurisdiction of the laying out and altering of streets or ways, passed
an order reciting that, in the opinion of the board, common convenience and
necessity required that P. Street should be widened for a certain distance, and
directing that notice be given to the abutters, naming them, of the intention of
the board to lay out P. Street by taking a portion of their land and laying it out
as a public street, and that the board intended to assess a portion of the ex-
pense on the estates benefited, and would be on the line of the proposed lay-out
at a certain time to view it, and to hear any objections to the lay-out or assess-
ment. Three weeks later the board passed another order, which, after repeating
that common convenience and necessity required the widening of P. Street, and
reciting that due notice had been given of the intention of the board to take for
that purpose certain parcels of land described, adjudged that these parcels were
taken and laid out as a part of P. Street, and assessed the damages therefor.
*Held*, that the two orders should be taken together, and constituted " the order
laying out " the street, within Pub. Sts. c. 49, § 93 ; and that, thus construed, it
clearly appeared that the order expressly declared that the way was laid out
under the provision of law authorizing the assessment of betterments.

If a petition for a writ of certiorari to quash a betterment assessment for the
widening of a street alleges that the widening was not completed when the
assessment was made, and the reservation of the case for the full court contains
the stipulation that the facts alleged in the petition and answer are to be taken
as true, and a copy of the assessment order annexed to the petition and forming
a part of it recites that the work of widening had been completed, it cannot be
said that it appears that such widening had not been completed.

It is within the constitutional power of the board of public works for New Bedford,
established by St. 1889, c. 167, to make a betterment assessment.

An order adopted by the board of public works of a city recited that common con-
venience and necessity required that P. Street should be widened on the east
side for a certain distance, and for that purpose it was necessary to take certain
parcels of land, among others, " belonging to the C. estate, viz. the heirs
of B. and W. C.," and awarded damages to the " C. estate." A subsequent
order of the board assessing betterments for the widening of P. Street included
among others, the " C. estate, land on the east side of P. Street." *Held*, that
there was not such indefiniteness in the description of the estate as would invali-
date the assessment.

A mistake in the middle initial of a name, or giving it a middle initial when it has none, in describing the person whose estate is assessed for a betterment, is not such an error as will defeat the assessment, it not appearing that there is more than one person of the same first and last name who owns land on the street for the widening of which the assessment is laid.

It is the estate which is benefited that is to be assessed for a betterment, and, if that is correctly designated in the order laying the assessment, justice does not require that the assessment should be quashed because the name of a former owner has been used in describing the estate, instead of the name of the present owner, when it does not appear that any one has been or will be misled or prejudiced by the error, if it is one.

Assessments to A., B., C., and others on two tracts of land, each of which belongs to several owners some of whom own in both, will not be invalid if it appears from the order in which the estates are assessed, to which estate the respective assessments apply.

MORTON, J.   These two cases were argued together and have been considered together.   They are petitions for writs of certiorari to quash certain betterment assessments made upon the estates of the petitioners by the board of public works of the city of New Bedford, in consequence of the benefit adjudged by it to have been received by the estates in the widening of a public street called Pleasant Street.

The character of the objections to the assessments is the same in both cases, except that in the case of Francis B. Greene, petitioner, it is alleged in the petition, in addition to the causes stated in the petition of the Masonic Building Association, that the action of the Board on September 26 and October 17, 1892, was not lawful by reason of the absence from the meeting of the board of the city clerk, who is made by the act creating the board its recording officer, and the choice of a clerk *pro tempore*, who was duly sworn.   This objection has not been pressed, and we regard it as waived.

The first and principal objection is that " the order laying out " the widening did not expressly declare that the widening was under the provisions of the law authorizing the assessment of betterments, as it is required by Pub. Sts. c. 49, § 93, that it should be in order to justify such assessment.   *Fuller* v. *Springfield*, 123 Mass. 289.

The petitioners contend that the order of October 17 constituted " the order laying out " the widening.   The respondents contend that the statute means " the order for laying out," and that that was the order of September 26.   This contention de-

rives some support from the language of the original act limiting the time within which betterment assessments should be laid, which was, " such assessment shall be laid within two years after the passage of the order for the laying out," etc.   St. 1869, c. 367, § 1.   The question would still remain, however, whether there was any substantial difference between the two readings.   The petitioners also contend that § 1 of Pub. Sts. c. 51, is to be construed as if it read " laid out in pursuance of an order," etc.

The board of public works for New Bedford was established by St. 1889, c. 167.   By § 3, all the duties and powers in relation to laying out and altering streets or ways vested in the city council or either branch thereof, or the mayor and aldermen, as supervisors of highways or otherwise, are vested in and are to be exclusively exercised by the board.   The city charter of New Bedford provides that " the city council shall have the same power in relation to laying out, acceptance, altering or discontinuing of streets and ways, and the assessment of damages, which selectmen and inhabitants of towns now by law have ; but all petitions and questions relating to laying out, widening, altering, or discontinuing any street or way, shall be first acted on by the mayor and aldermen."   St. 1847, c. 60, § 12.

It is evident, therefore, that all the powers which selectmen and the inhabitants of towns have in regard to the laying out or altering of streets or ways are vested in the board, that they form the basis of its authority in such matters, that the powers which previously had been divided between the mayor and aldermen and the city council are now consolidated in its hands, and that it has sole jurisdiction in matters committed to its charge.

The order of September 26, which the board adopted, recited that in its opinion common convenience and necessity required that Pleasant Street should be widened from William Street to Union Street, and directed that notice be given to the abutters, naming them, of the intention of the board to lay out the street by taking a portion of their land and laying it out as a public street, and that the board intended to assess a portion of the expense on the estates benefited, and would be on the

line of the proposed way or lay-out at a certain time to view it, and to hear any objections to the lay-out or assessment.

It is manifest that this order did not constitute a laying out. It contained no description of the way, nor of the lands taken, nor of the owners thereof, nor of the sums awarded as damages, and no statement that the way was in fact laid out, or that land was taken for the purpose of laying out a way. It was not a laying out within the statute, which allows a party aggrieved by an assessment of his damages to have the matter of his complaint determined by a jury " within one year after such laying out." Pub. Sts. c. 49, § 79. *Commonwealth* v. *Boston*, 16 Pick. 442, 446. *Eaton* v. *Framingham*, 6 Cush. 245. *Russell* v. *New Bedford*, 5 Gray, 31. *Loring* v. *Boston*, 12 Gray, 209. *Brookline* v. *County Commissioners*, 114 Mass. 548. *Peterson* v. *Waltham*, 150 Mass. 564. But the recitals and the direction as to notice contained in the order of September 26 constituted important steps in the laying out of the way. That order also contained the adjudication of the board that common convenience and necessity required the laying out of the way. It stated the intention of the board to lay it out, and it directed notice to be given to the abutters of the time and place when and where the board would proceed to lay out the way, and hear the parties in the matter of damages and betterment assessments. All of these things were absolute prerequisites to the final laying out on October 17. *Fitchburg Railroad* v. *Fitchburg*, 121 Mass. 132. The repetition of the adjudication of common convenience and necessity in the order of October 17 gave no added force to the previous adjudication.*  There is nothing in the statutes defining what is meant by " the order laying out "; whether it refers to some particular step or stage in the proceedings, or whether it means the whole proceedings by which the way is laid out. In

---

* This order recited that common convenience and necessity required that Pleasant Street should " be widened ten feet on the east side, between Union and William Streets," and for that purpose it was necessary to take certain parcels of land, among others, "belonging to the Cummings estate, viz. the heirs of Benjamin and William Cummings " ; and that due notice had been given of the intention of the board to take "said parcels of land for the purpose aforesaid " ; adjudged that these parcels were taken and laid out as a part of Pleasant Street ; and assessed the damages therefor, awarding a certain sum to the " Cummings estate."

the present case the notice which was served on the abutters is made by reference a part of the order of October 17, and refers in terms to the order of September 26. We think, on the whole, that the two orders, being thus connected by reference, and having been adopted for the purpose of laying out the way in question by a board having sole jurisdiction of the laying out of streets, and the essential facts contained in both being equally necessary to the final laying out, should be taken together, although passed at different times, and regarded as constituting one order, which would be correctly described as " the order laying out the way." Construing thus the words " the order laying out," it clearly enough appears that the order expressly declares that the way was laid out under the provisions of law authorizing the assessment of betterments.

It is also objected that the widening was not completed at the time when the betterment assessments were made. This objection is based on an allegation in one of the reasons for the issuing of the writ, coupled with the stipulation in the reservation in each case that the facts alleged in the petition and answer are to be taken as true. It is perhaps sufficient to say in regard to this objection, that it appears from a copy of the assessment order passed by the board on September 25, 1894, which is annexed in each case to the petition and forms part of it, that the work of widening had been completed. *Dickinson* v. *Worcester*, 138 Mass. 555, 560. In view of the doubt thus thrown upon the existence of the fact, it could hardly be said that on this ground substantial justice had not been done, even if, as matter of pleading, the statement contained in the assessment order annexed to the petition was not to be taken as true. Besides, the averment seems to be argumentative rather than a statement of a substantive fact.

It is further objected that it is not within the constitutional power of officers appointed by the mayor and confirmed by the aldermen, as the act establishing this board provides that its members shall be, to make a betterment assessment. We have been referred to no authority supporting this proposition. It is attempted to deduce it from some general principles in regard to the right of representation in matters relating to taxation. But the citizens of New Bedford were represented in the Legis-

lature which passed the act, and, if they did not accept the original act, they accepted by formal vote an amendment to it. The authority of the Legislature to delegate to boards and commissions appointed by the Governor and Council, or by the courts, or as this was, the power to assess and apportion certain expenses, reserving to parties aggrieved the right to a jury trial, has been exercised too long to admit of question now. *Brayton* v. *Fall River*, 124 Mass. 95. *Agawam* v. *Hampden*, 130 Mass. 528. *Boston & Albany Railroad* v. *Newton*, 148 Mass. 474. *Kingman, petitioner*, 153 Mass. 566, 576. St. 1888, c. 384. St. 1889, c. 439. St. 1890, c. 205. St. 1891, c. 380. St. 1892, c. 404. St. 1893, c. 450. St. 1894, cc. 288, 497. St. 1895, c. 450. Pub. Sts. c. 112, § 131 *et seq.* It is for the Legislature to say who shall have supervision and control in matters relating to streets and ways in any given locality, and how he or they shall be selected, elected, or appointed.

The remaining objection is that the property of the respective petitioners on which betterments have been assessed is incorrectly, imperfectly, insufficiently, and indefinitely described. It is not alleged that the petitioners have no property situated on Pleasant Street which is subject to assessment. Although more than two years have elapsed since the laying out, it is possible that the tax could be reassessed under Pub. Sts. c. 51, § 2, in which case it would seem that substantial justice would not require that these assessments should be quashed. But aside from that consideration, we do not think that the assessments are invalid for the reason assigned. In the order of October 17, 1892, assessing the damages, the land belonging to the Cummings estate, to which damages were awarded, is described as that "belonging to the Cummings estate, viz. the heirs of Benjamin and William Cummings," and inferentially as on the east side of Pleasant Street. And it is only fair to suppose that where, in the order of September 25, 1894, the Cummings estate is assessed for betterments, the same estate is intended that was included in the assessment of damages.* The statutes contain no provision respecting the description of estates benefited. But

---

* The description in this order was as follows : " Cummings estate, land on the east side of Pleasant Street."

a deed describing the property conveyed as on the east side of Pleasant Street, in New Bedford, belonging to the heirs of Benjamin and William Cummings, would operate as a good conveyance; and we do not see why a similar description is not sufficient to base a betterment assessment upon. How the amount of this tax shall be divided among the different owners is a matter with which the board can have no concern.

We fear that we do not appreciate the force of this objection so far as regards the Masonic Building Association. The petition alleges that Charles W. Clifford and others, trustees and executors under the will of Charles L. Wood, conveyed certain premises bounding on Pleasant Street to Edward D. Mandell and others, trustees; that Samuel P. Richmond conveyed to the same persons, also as trustees, another tract bounding on Pleasant Street, and that said grantees conveyed said tracts to the Masonic Building Association. In the assessment of damages an award is made to " est. Elizabeth Wood or Clarence A. Cook *et ali*, trustees, $10,400." An award of damages was also made to S. P. Richmond, and it is alleged that the damages awarded to him, and to Clarence A. Cook and others, trustees, were paid to the Masonic Building Association, which had acquired the right thereto by the aforesaid conveyance. In the order of September 25, 1894, assessing betterment assessments, is the following: " Elizabeth J. Wood, land on the east side of the street, between Union and William Streets, $2,332.55; Samuel P. Richmond, land on the east side of the street, between Union and William Streets, $1,194.73"; and the petition alleges that demand for the payment of these sums has been made on the Masonic Building Association, and that they constitute a lien on a part or all of its real estate. If the objection is that the middle initial is " J," and should be " T," or *vice versa*, or that there should be no middle initial, that is not such an error as will defeat the assessment, it not being alleged that there is more than one Elizabeth Wood who owns land on Pleasant Street between William and Union Streets. If the objection is that the land of Elizabeth Wood and of S. P. Richmond is not sufficiently identified, that is answered by what has been already said in regard to the Cummings estate. If the objection is that the tax should have been assessed to the Masonic Build-

ing Association, and not to Elizabeth Wood and Samuel P. Richmond, the answer is that it is the estate benefited which is to be assessed, and so long as that is correctly designated, justice does not require that the assessment should be quashed because the names of former owners have been used in describing it, instead of the name of the petitioner, when it does not appear that any one has been or will be misled or prejudiced by the the error if it be one. *Monterey* v. *County Commissioners*, 7 Cush. 394.

In regard to the objection that it is uncertain to which of the two tracts for which " F. B. Greene *et ali* " are assessed the respective assessments apply, we think that will plainly appear when the order of the assessments is applied to that in which the estates follow each other on the street.

On the whole, we discover no error which requires that the assessments, or either of them, should be quashed.

*Petitions dismissed.*

*W. Clifford & E. D. Stetson*, (*L. LeB. Holmes* with them,) for the petitioners.

*H. M. Knowlton*, (*T. F. Desmond* with him,) for the respondents.