HENRY A. WOOD ᴇᴛ ᴀʟ., v. TOWN OF MILTON.

Norfolk, March, 1908.

*Way — Public — Layout by Town — Validity — Statutory Requirements.*

The question at issue in this case is as to the validity of the layout as a public street of a certain way called Lincoln Street, which runs through the property of the petitioners, situated in the town of Milton.

The premises for which registration of title is sought were a portion of a large tract of land which was owned in common by the petitioner Wood and the late Charles E. C. Breck, father of the other petitioners. In 1896 Messrs. Wood and Breck had a plan drawn and recorded in the Registry of Deeds, dividing their land into building lots, and providing for a private street called Lincoln Street, twenty-seven feet wide throughout its westerly portion and thirty feet wide throughout its easterly portion. The town claims to have laid out Lincoln Street in 1901 as a public way thirty-five feet wide over the site of the old private way, with five feet additional throughout the whole length of the road on the southerly side, and three feet additional along the northerly side of the westerly portion only. At the time of the alleged layout the land was owned, one undivided half by the petitioner Wood, who lived in Brookline, and the other half by the other petitioners as heirs of said C. E. C. Breck, viz: the Misses Alice and Mary Breck, who lived in Milton, and Mrs. Sarah Cooke, who lived in Philadelphia.

The petitioners say that no notice of intention to lay out the way was served in accordance with the provisions of P.

S., Chap. 49, Sec. 67, the statute then in force, upon the non-resident owners. The town in reply says that Miss Alice Breck was the authorized agent for the other owners within the meaning of Section 67 of the statute. If so, actual notice by her would seem to be sufficient, no matter how acquired, the object of the statutory requirement not being to lay down any particular arbitrary or technical method of procedure necessary to be followed by loosely constituted public bodies as an absolute prerequisite to the validity of a public improvement, but solely to insure that reasonable opportunity to a private citizen to be heard before any of his property or rights can be appropriated for public use, which is the essential requisite of " due process of law." Province Laws, Acts of 1727, Chapter 1; Kean v. Stetson, 5 Pick. 492; Harrington v. Harrington, 1 Met. 404; Pickford v. Lynn, 98 Mass. 491; Lawrence v. Nahant, 136 Mass. 477; Beals v. James, 173 Mass. 591; Hurtado v. California, 110 U. S. 516; Hager v. Reclamation District, 111 U. S. 701; Paulsen v. Portland, 149 U. S. 30. From her testimony it is clear that Miss Alice Breck was the duly authorized agent of her sister, Mrs. Cooke, but there is nothing to show that she was in any way the agent of Mr. Wood. She managed the Breck half of the property, but worked with Mr. Wood in regard to anything that might be necessary to be done in regard to the property as a whole. This notice of intention to lay out the road, directing notice to be given to abutters of the time and place where the Board would proceed to lay it out and hear the parties, was an absolute prerequisite to a valid layout. Masonic Building Association v. Brownell, 164 Mass. 306. As to one owner they were complied with; as to the other they were not. What then is the result as to the title to the land? Not much assistance is to be obtained from the reported decisions for the reason that they largely turn upon the particular form of action in each case. Certiorari proceedings are not a

proper form of action in which to try a technical question of validity, and if no injustice is done the petitioner, certiorari will not lie even if the notice was given to the wrong owner. Where a proceeding is practically one in rem the form of notice is immaterial. Where the real matter is practically a judgment in personam, like an assessment of damages, then the owner must be served in due form. Hall *v.* Staples, 166 Mass. 399; Worcester Agricultural Society *v.* Worcester, 116 Mass. 189. In this proceeding, whatever the rights between the several parties and the town in regard to damages or betterments, the only question with regard to the title is whether the land is subject to a public easement. In so far as the layout is valid as to one owner I think it must be deemed to be valid as against the land. There is a marked distinction in all of the decisions between cases where a specific tract is taken from a private owner on condemnation proceedings for a public purpose, and cases where a public improvement or right is being extended over a whole territory. It would be impracticable to make the validity of an entire taking for public purposes depend upon a strict notification of every part owner, whereby the whole public improvement might be jeopardized by a slip in the machinery as to merely one owner, and in proceedings of this sort, which are practically in rem, it is not necessary. So long as a part of each class are represented and have an opportunity to be heard, or, in other words, so long as the interests of the particular estate are represented or have an actual opportunity to be heard before the court or quasi judicial body having jurisdiction of the matter, the essential matter on which the validity of the taking depends has been covered. Pickford *v.* Lynn, 98 Mass. 491 at 496; Brock *v.* Old Colony Railroad Company, 146 Mass. 194; Bonnemort *v.* Gill, 167 Mass. 338.

A second objection made by the petitioners to the validity of the taking involves a matter which forms the sole question

at issue in another case now pending, namely, whether a failure to file the plan or description in the registry of deeds within sixty days after the vote, as provided by Chap. 134, Acts of 1898, R. L. Chap. 48, Sec. 97, invalidates the lay-out. In this case the plan was recorded within the statutory time, but the description was not. In the other case (Beck-ford *v.* Town of Needham), neither description nor plan was recorded within the sixty days. By chapter 117 of the Acts of 1904 it was provided that the location and laying out of all State highways are legalized and confirmed not-withstanding any failure to file a description and plan in the registry of deeds as required by the act of 1888, R. L., Chap. 148, Section 97. I think that, notwithstanding the language of the act of 1904, that statute must be regarded as one to cure a possible defect rather than a declaration that without it the locations were illegal and invalid. The important matter, and practically the only matter really necessary to the validity of a taking for street purposes is, that the owner shall have notice and an opportunity to be heard. He must not only know that it is proposed to take land from him, but a description and plan must, under the provisions of P. S. Chap. 49, Sec. 71, be filed with the town clerk so that both he and the inhabitants who are to vote upon the matter may have full and timely knowledge of it. " This regulation was manifestly not intended to prescribe a mere formality, but to lay down the indispensable condi-tions upon compliance with which the right of appropriating private property to public uses of this kind can lawfully be exercised. As one of the safeguards of individual rights against inconsiderate or capricious action on the part of municipal authorities, it establishes a rule to secure pre-cision and exactness of description on the part of the select-men as to the changes which they propose to make. It is material to the landowner to know exactly what portion of his land is to be taken, and to the voters to know exactly

what the proposition is upon which they are to decide." Jeffries *v.* Swampscott, 105 Mass. 535. See also Blaisdell *v.* Winthrop, 118 Mass. 138; Fitchburg R. R. Co. *v.* Fitchburg, 121 Mass. 132; Masonic Bldg. *v.* Brownell, 164 Mass. 306. The statute is explicit. No layout shall be established until this is done. The filing of the description and plan in the registry of deeds does not take place until after the taking has been made. The taking is made by the vote of acceptance. Baker *v.* Fall River, 187 Mass. 53. No proceedings and no rights in connection with the taking itself are affected in any way by the subsequent recording at the registry. It is a matter of convenience to the owner, to the public and to subsequent purchasers in examining the title to have this record, but there seems to be no reason why it should be essential to the validity of that which is adready, for good or ill, fully accomplished. (Note: — And see Bryant *v.* Pittsfield, 199 Mass. 530.) And so the statutory requirement, unlike the other, is merely directory in its language, that the authorities making a taking shall within sixty days thereafter file in the registry of deeds a description and plan. The test as to what statutory provisions are mandatory and what directory in matters of public takings is practically the same as in takings and sales for nonpayment of taxes. The cases on tax proceedings are collected in Robinson *v.* Church, Land Court Decisions, p. 13, *ante.* A somewhat similar provision in regard to plans of railroad locations is construed in Abbott *v.* N. Y. & N. E. R. R., 145 Mass. 450, and Brock *v.* O. C. R. R. Co., 146 Mass. 194.

A final objection made by the petitioners to the validity of the taking is that at the town meeting of March 5, 1900, to which was submitted the layout of Lincoln Street as made by the Selectmen, the town voted in regard to the matter to " indefinitely postpone." The matter was again submitted to the town meeting of 1901, when a vote was passed accepting the location. The town argues that the vote to indef-

initely postpone was merely a vote to leave the matter for action at some future meeting. I do not think so, however. The vote is an unusual one in town proceedings, but, as pointed out by Mr. Crocker in his Parliamentary Procedure, the vote is one of rejection rather than one of postponement, and its form is not properly indicative of its use. The effect of the vote is equivalent in its results to a negative vote on the main question. Its moral effect is like a decree of dismissal without prejudice. The matter may be begun over again without the stigma of having been once rejected on its merits, but so far as the particular proceeding then in hand is concerned it seems to me that the matter is permanently ended. As said by Mr. Cushing in his Manual, it is a suppression of the question in such a manner that it cannot be renewed, like the continuance of a suit without day. As there seem to be no cases on this subject in the reports, and the other questions have been carefully argued, I have given them full consideration. On the last proposition however I rule that the vote of the town in 1900 to indefinitely postpone action on the layout by the selectmen was a final action by the town on the layout, and that the attempted acceptance by the town at the meeting of 1901 was therefore invalid.

Decree for petitioners determining Lincoln Street to be a private way, and the lines thereof to be as shown on the plan filed by them in this case.

C. F. Hall for petitioners.

A. R. Tisdale for respondents.

Note: This case went to the Supreme Court on the single question of the vote of March, 1900, and the above ruling was sustained. Wood v. Milton, 197 Mass. 531. A similar decision having been filed in the Beckford case on the matter of the failure to record the description and plan of taking within sixty days of the vote, exceptions were taken thereto and overruled in Beckford v. Needham, 199 Mass. 369.