*Municipal Court of the City of Boston*

## MASSACHUSETTS GENERAL HOSPITAL

v.

## ALLESANDRO GRASSI and LINA GRASSI

*Present:* Gillen, J. (Presiding), Morrissey, J.,
E. Brown, Spec. J.

Case tried to *Gorrassi, Sp. J.* in the Municipal
  Court of the City of Boston    No. 28893

*Morrissey, J.* This is an action of contract brought in this court by writ dated June 28, 1960. No further action was taken by the plaintiff until June 12, 1968 when a motion for judgment was filed. The motion for judgment was heard and denied by the court on July 30, 1968. As no military affidavit had been filed during this period it was necessary that a motion for judgment be filed by the plaintiff to have judgment entered. The court, in the motion session, denied the motion and the plaintiff claimed a report to the Appellate Division.

The action of the justice in the motion session was based on Rule 43A of this court, as follows:

**Rule 43A Dismissal of Old Actions for Want of Prosecution.**

Any case that has been pending in this court for over six years in which the parties have never brought the proceedings to final judgment as a matter of record and in which no proceedings of any nature have been taken within six years shall be dismissed. Such dismissal shall have the same effect as an entry of judgment for the defendant and shall be without costs. This amendment to the rule shall become effective October 1, 1967.''

This amendment amended the same Rule 43A passed by the court on October 3, 1955 and had provided as follows:

"Any case that has been pending in this court for over twenty years in which the parties have never brought the proceedings to final judgment as a matter of record and in which no proceedings of any nature have been taken within six years shall be dismissed."

The motion for judgment was properly denied. See *Oliver Ditson Co.* v. *Testa,* 216 Mass. 123 — "A rule of the court has the force of law, and is binding upon a judge, and he has no authority to dispense with it."

Rule 43A of this court, which is the basis of this review, was enacted and approved by all the Justices of the Municipal Court of the City of Boston on June 27, 1967 with a provision that the rule would be effective October 1, 1967. The court's authority to enact rules is provided by G. L. c. 218, § 50.

The conduct of the business of a court handling the great amount of cases as are entered in the Municipal Court of the City of Boston*

---

* Number of cases entered in the Municipal Court of the City of Boston during the past six years.

| Year Ending June 30 | Actions Entered | Superior Court Actions Transferred |
|---|---|---|
| 1968 | 25,057 | 2,663 |
| 1967 | 25,268 | 1,733 |
| 1966 | 21,008 | 1,461 |
| 1965 | 19,944 | 1,730 |
| 1964 | 21,938 | 1,575 |
| 1963 | 22,329 | 1,818 |

necessitates that litigation be concluded within a reasonable time. The purpose of this rule is to clear the docket and bring long neglected litigation to a conclusion. The rule in question is reasonable in every respect. Cases that have been pending for six years are left untouched if no proceeding of any nature has been taken within that time. The rule applies only when NO action has been taken for six years. Certainly if litigation has any merit some action would be taken within that period.

The contention of the plaintiff that notice of the amendment was not given to it or its attorney personally, and therefore it is not bound by it, has no merit.

The amendment of June 27, 1967 was not effective until October 1, 1967. This period of time was a reasonable period for the Bar and others to acquaint themselves with the new Rule 43A.

It was pointed out to counsel for the plaintiff by the justices sitting on the Appellate Division that the usual practice of the Clerk of this court was to post any change in the Rules in the Clerk's Office. Counsel did not contend that this practice was not followed in this case, but further contends that this is insufficient notice to him or his client, and that they are not bound by the amendment.

We cannot agree that personal notice was required. It is completely unreasonable to ex-

pect that the Clerk could give personal notice in all these cases that fall within the category stipulated by the rule, nor was he required to do so. In many respects the filing of a notice of the amendment of the rule of court in the Clerk's office met all the requirements demanded by the circumstances. There is a marked similarity in the situation under review to the facts in *Brock* v. *Old Colony Railroad,* 146 Mass. 194.

1 Weekly Law Rep. 278 and 70 Law Quarterly Review 158.

**Report dismissed.**

ALBERT G. TIERNEY, JR.
  of Boston for the plaintiff
No Brief or argument
  for the defendant